## McCAULEY v. HAZLEWOOD.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

### No. 228.

UNLAWFUL DETAINER—WHEN ACTION LIES.
 The vendee of a leasehold term cannot maintain an action of unlawful detainer in the Indian Territory, under Mansf. Dig. Ark. § 3348, to recover possession from his vendor, who refuses to surrender the premises at the time agreed.

In Error to the United States Court in the Indian Territory.

At Law. Action of unlawful detainer, brought by Collett E. McCauley against J. M. Hazlewood. The court directed a verdict for defendant, and plaintiff brings error. Affirmed.

George B. Denison and N. B. Maxey, for plaintiff in error.

S. O. Hinds and W. T. Hutchings, for defendant in error.

Before CALDWELL, Circuit Judge, and THAYER, District Judge.

THAYER, District Judge. The only question that arises upon the present record is whether a vendee of a leasehold term can maintain an action of unlawful detainer against his vendor, if the latter refuses to surrender possession of the premises at the time stipulated in the contract of sale. This question is to be determined with reference to the Arkansas statute concerning unlawful detainer, which has been extended over the Indian Territory, and is as follows:

"Sec. 3348. When any person shall wilfully and with force hold over any lands, tenements or other possessions after the determination of the time for which they were demised or left to him, or shall lawfully and peaceably obtain possession, but shall hold the same unlawfully and by force, or shall fail or refuse to pay the rent therefor when due and after demand made in writing for the delivery of possession thereof by the person having the right to such possession, his agent or attorney, shall refuse to quit such possession, such person shall be deemed guilty of an unlawful detainer." Mansf. Dig. p. 703.

The facts out of which the controversy arises are these: The defendant, Hazlewood, was in possession of certain lands situated in the Cherokee Nation, in the Indian Territory, under a lease which was to expire January 1, 1894. About the 1st day of June, 1890, he agreed with the plaintiff, McCauley, to exchange his leasehold for a race horse belonging to McCauley. The horse was delivered to Hazlewood when the trade was made, but it was agreed that possession of the leasehold premises should not be surrendered to McCauley until Hazlewood had gathered his growing crops,

but that McCauley should, in any event, have possession of the premises by the 1st of January, 1891. After the 1st of January, 1891, the defendant refused to surrender possession of the premises, as he had agreed to do, on the ground that the plaintiff had made certain fraudulent representations with respect to the breed and quality of the race horse. Thereupon, the plaintiff made a formal demand for the possession of the premises, and afterwards brought the present action of unlawful detainer. The section of the statute above quoted must receive the same interpretation in the Indian Territory that had been given to it by the court of last resort in the state of Arkansas before it was imported into the territory, and it seems to have been the well-settled rule in that state that an action of unlawful detainer would not lie, unless the relation of landlord and tenant had been created between the parties, either by express contract or by a clear implication of law. In Dortch v. Robinson, 31 Ark. 296, 298, it was held that the action could not be maintained by a purchaser at an execution sale against the tenants of the defendant in the execution. The court said that a mere right of possession in the plaintiff was insufficient to support the action; that the relation of landlord and tenant, either express or implied, must be shown to exist between the plaintiff and the defendant. In Necklace v. West, 33 Ark. 682, the same doctrine was reaffirmed, and it was ruled that the purchaser at a mortgage sale could not maintain an action of unlawful detainer against the mortgagor. To the same effect are the subsequent cases of Johnson v. West, 41 Ark. 535, 540, and Mason v. Delancy, 44 Ark. 444. In the former case it was said that:

"Unlawful detainer is a remedy provided by statute for the benefit of landlords against tenants who hold over after the expiration of their terms. It is founded upon the breach of a contract implied by law, if not expressed, that the tenant shall restore a permissive possession to the hands from which it was received."

And in the latter case (Mason v. Delancy) it was held that a vendor of lands could not maintain an action of unlawful detainer against his vendee, who had gone into possession under a parol contract of sale, but had paid nothing on account of his purchase. We are of the opinion that these cases clearly show that the present action of unlawful detainer was erroneously brought, and that it cannot be maintained. The proof offered at the trial was sufficient to show a right of possession in the plaintiff, which might possibly entitle him to maintain a suit in ejectment against Hazlewood; but it had no tendency to establish the relation of landlord and tenant, either express or implied, such as is essential to support the action. The plaintiff, it seems, never had possession of the premises in controversy; and as the defendant did not acquire possession thereof under or by virtue of any license, contract or agreement with the plaintiff, it is impossible to concede that any such relation existed between the parties as will suffice to support the present action under the Arkansas statute. The result is that the trial court properly directed the jury to return a verdict in favor of the defendant, and its action in that behalf, and in rendering a judgment in favor of the defendant, is hereby affirmed.