# SEYMOUR *v.* SLIDE AND SPUR GOLD MINES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 263. Argued March 15, 1894. — Decided May 14, 1894.

One who holds possession of real estate as manager for or under another cannot, when sued in ejectment by his principal, dispute the principal's title.

When such agent admits the relation and the title of his principal, there is no impropriety in the court's directing a verdict for the plaintiff.

The State only can challenge the right of a foreign corporation to take and hold real estate within its limits.

THIS was an action in the nature of an action of ejectment, commenced October 18, 1889, by the Slide and Spur Gold Mines, (Limited,) in the Circuit Court of the United States for the District of Colorado, to recover the possession of the mining properties which were the subject of the controversy in the case just decided, wherein said company was appellant, and Ellen R. Seymour, the wife of defendant, and William G. Pell, were appellees. The complaint was in the ordinary form, alleging that the plaintiff was seized in fee of the premises, and that the possession was wrongfully detained by the defendant. The answer, besides a general denial of the allegations of the complaint, set forth at length the transactions between Mrs. Seymour and Mr. Pell, the prior owners of the properties, and the plaintiff, which were noted in the opinion in the former case. A reply having been filed, the case, on June 28, 1890, went to trial before a jury. Under direct instructions from the court, the jury returned a verdict for the plaintiff. Judgment having been entered thereon, defendant sued out this writ of error.

*Mr. Willard Teller*, (with whom was *Mr. Harper M. Orahood* on the brief,) for plaintiff in error.

*Mr. Harvey Riddell* for defendant in error.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The pleadings put in issue all questions of fact. Outside of the pleadings the only matter before the jury was a deposition of the defendant, taken in a prior litigation between the same parties. In that deposition he admitted that he had been in possession of the property as a managing director; that he at no time denied the right of the company to the possession of the property, and that his term as managing director had expired. There was nothing in the deposition to qualify this admission. There was, therefore, no impropriety in the court's directing a verdict for the plaintiff. *Jackson* v. *Dennison*, 4

Wend. 558. One who holds possession of real estate as manager for or under another cannot dispute that other's title. *Johnson* v. *Baytup*, 3 Ad. & El. 188; *Phelan* v. *Kelley*, 25 Wend. 389, 393. The estoppel is like to that which arises in the case of landlord and tenant, and comes within the scope of the general rule that an agent in possession cannot deny the title of his principal.

Neither is it necessary to inquire into the right of the plaintiff as a foreign corporation to take and hold title to real estate in Colorado, a question which, in some of its aspects, was before this court in the case of *Fritts* v. *Palmer*, 132 U. S. 282; for if, by so doing, any laws of the State are violated, the State is the one to challenge the act, (Devlin on Deeds, § 127, and cases cited in note,) and it does not lie in the mouth of the agent of the corporation to raise the question.

The judgment is, therefore,

*Affirmed.*