HARDY v. KETCHUM et al.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1895.)

No. 499.

UNLAWFUL DETAINER—WHEN ACTION LIES.
    A lessee, having the right to immediate possession under the terms of his lease, cannot maintain an action of unlawful detainer in the United States court in the Indian Territory, under the Arkansas statute (Mansf. Dig. 3348), against a prior lessee from the same landlord, who is unlawfully holding over after the expiration of his term. McCauley v. Hazlewood, 8 C. C. A. 339, 59 Fed. 877, followed.

In Error to the United States Court in the Indian Territory.

C. L. Herbert and W. O. Davis, for plaintiff in error.
W. A. Ledbetter and S. T. Bledsoe, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This was an action of unlawful de-tainer brought by J. G. Hardy, the plaintiff in error, against R. C. Ketchum and Dock Ketchum, defendants in error, in the United States court in the Indian Territory, to recover the possession of the premises described in the complaint. The defendants interposed a demurrer to the complaint, which raised the question whether a subsequent lessee, who, by the terms of his lease, is entitled to the possession of the premises, can maintain unlawful detainer, under the Arkansas statute in force in the Indian Territory, against the former lessee from the same landlord, who is unlawfully holding over after the expiration of his lease. The court below held that in such a case the relation of landlord and tenant did not exist be-tween the lessees from the common landlord, either expressly or by implication, and that for that reason the action of unlawful detainer would not lie under the Arkansas statute, and rendered final judg-ment on the demurrer in favor of the defendants.

On the authority of McCauley v. Hazlewood, 59 Fed. 877, 8 C. C. A. 339, the judgment of the United States court in the Indian Ter-ritory is affirmed.