## WILLIS v. EASTERN TRUST AND BANKING COMPANY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 302. Argued April 29, 1897. — Decided May 10, 1897.

In this suit the matter in dispute was the right of present possession of real estate in the District of Columbia, whose value was agreed to be over $5000, but there was nothing in the record to show that the value of the right of possession reached the jurisdictional amount, and the case was accordingly dismissed.

THIS was an action of forcible detainer brought September 17, 1894, by the Eastern Trust and Banking Company against Willis and Johnson, before a justice of the peace in and for the District of Columbia, to obtain possession of certain real estate in said District. The defendant filed a plea of title, whereupon the case was certified to the Supreme Court of the District for trial. Rev. Stat. D. C. c. 19, §§ 677, 691.

The plaintiff, in compliance with the rules of that court, filed therein October 5, 1894, "a declaration making demand for the premises, and with a description thereof as in ejectment."

The parties submitted the case to the court for its determination without a jury upon an agreed statement of facts in writing. It therefrom appeared in substance that the Eastern Trust and Banking Company was a body corporate, organized under the laws of the State of Maine, and having its principal place of business in the city of Bangor, in that State. The American Ice Company, also a body corporate organized under the laws of the State of Maine, and doing business therein and also in the District of Columbia, on December 2, 1889, executed and delivered to the Trust Company a certain deed of trust in the nature of a mortgage, upon certain real estate described therein, a part of which was situated in the State of Maine, and the remainder in the city of Washington, to secure the payment of its bonds of various

denominations, aggregating $40,000, payable to the Trust Company or bearer in equal instalments of $5000 each, in three, four, five, six, seven, eight, nine and ten years after date, with interest at the rate of six per cent, evidenced by certain coupons. The deed of trust was duly recorded in the records of the District of Columbia. It bore the impress of the corporate seals of the American Ice Company and of the Trust Company, and it was admitted that the seals were affixed thereto before the execution and delivery thereof, but that the recorder of deeds failed to note the same upon the records. The bonds were executed and delivered in due form of law to the Trust Company, and by it delivered to certain parties, who took them for value in the regular course of business before maturity, and who now held and owned them, except so far as the first instalment thereof, and interest had been paid. The instalment of bonded indebtedness which became due in 1893 was not paid, nor was the interest then falling due, nor had either of said sums or any part of them been paid or satisfied in any manner. The parties holding the bonds had not, nor any of them, waived their rights to payment in accordance with the tenor and effect of the bonds and deed of trust, by the terms of which the residue of the bonded indebtedness, to wit, the sum of $35,000, together with accrued interest thereon, was at the commencement of the suit due and payable.

On October 13, 1893, the Ice Company made an assignment of all its property for the benefit of its creditors to Johnson, who accepted the trust and entered upon its discharge. Subsequently, as such an assignee, he leased that portion of the real estate situated in Washington to Willis, who entered and took possession thereunder and retained possession at the time of the trial.

This lease was in writing and bore date January 29, 1894, and was for a period of one year from that date at a rental of $130 per month. After the default in the payment of the second instalment of bonds and of the interest had continued for a period of more than ninety days, the bondholders, or those holding more than fifty per cent of the value thereof,

directed the trustee to proceed in the execution of the trust in accordance with its terms and provisions, in pursuance of which direction the Trust Company on July 30, 1894, caused a thirty days' notice to quit to be served upon Johnson and Willis on the theory that they were statutory tenants by sufferance under the law, and that the instrument securing the indebtedness created the relation of landlord and tenant between the Trust Company and them; and thereafter, namely, September 17, 1894, the Trust Company caused the proper summons to be issued by a justice of the peace against Willis and Johnson, who appeared in response thereto as before stated.

After the default and in pursuance of the direction of the bondholders and of the powers conferred upon and vested in the Trust Company by the deed of trust, the Trust Company advertised the real estate for sale in accordance with the requirements of the deed of trust, and exposed the same for sale at public auction in the city of Bangor, at which sale a committee, acting for the bondholders, purchased the lands embraced in the deed of trust for the benefit of the bondholders; but the terms of the sale had not yet been complied with and no deed had been made to the purchasers, because it was understood and agreed between them and the Trust Company that the Trust Company should first obtain possession of the property.

Judgment was rendered in favor of Willis and Johnson by the Supreme Court of the District, and the case being carried to the Court of Appeals for the District of Columbia, that judgment was reversed and judgment in favor of the Trust Company directed, 6 App. D. C. 375, whereupon Willis and Johnson brought the case to this court on writ of error.

*Mr. Calderon Carlisle* and *Mr. William G. Johnson* for plaintiffs in error.

*Mr. B. F. Leighton* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The matter in dispute in this suit was the right of present possession of the real estate described in the declaration. Recovery of possession would not extinguish the indebtedness secured by the trust deed, nor bar the right of redemption if the alleged sale were invalid, nor would the title to the land be determined by the litigation.

In respect of procedure in the Supreme Court of the District, we do not understand the correctness of the observations of Cox, J., in *Jennings* v. *Webb*, 20 D. C. 317, to be questioned, that " while our rule requires the plaintiff to file a declaration, as in ejectment, that does not convert the proceeding into an action of ejectment at all, in which the plaintiff recovers upon the strength of his title. In this proceeding, unless he establishes the relation of landlord between himself and the defendant, no matter what the form of the declaration is, he is not entitled to recover. . . . It is still a landlord and tenant proceeding."

Here Johnson, as assignee, held the title of the American Ice Company, and had no greater rights than that company had, and these were subordinate to those of the Trust Company as trustee in the deed of trust made by the American Ice Company before its assignment. The action was sustained by the Court of Appeals on the authority of *Loring* v. *Bartlett*, 4 App. D. C. 1, wherein it was held that " after foreclosure of a deed of trust in which there is a reservation to the grantor of the right to the possession and enjoyment of the premises and to the receipt of the rents and profits until default made, the purchaser at the sale may maintain a landlord and tenant proceeding against the grantor under §§ 680, 681 and 684, Rev. Stat. D. C., to obtain possession of the premises. Such a reservation has the effect of a redemise of the premises to the mortgagor or grantor."

This rule was applied here as between the mortgagee and the assignee of the mortgagor after condition broken. The trust deed was, in legal effect, a mortgage with power of sale, and vested the legal title to the mortgaged property in the Trust Company, subject to be defeated by the payment of the money, and the right of possession would have vested in

the Trust Company from the date of the deed, save for the express provision whereby the Ice Company was allowed to retain the possession until default. But it was provided that, on default in the payment of the indebtedness as prescribed, it should " be lawful for the trustee to enter into or upon the premises and property hereby granted or intended so to be and to take possession of the whole or any part thereof."

Plaintiffs in error, however, insist that the conventional relation of landlord and tenant must exist in order to bring a case within the landlord and tenant act of the District, and that no such relation was created by the deed of trust.

Under the circumstances we are unable to see how we can entertain jurisdiction. It is true that it has been stipulated that the value of the real estate exceeds $5000, but the right of possession was the matter in dispute, and there is nothing in the record from which we can conclude that the value of that reaches the jurisdictional amount. The property was rented in January, 1894, for $1560 per annum for one year, and it is to be assumed that the assignee obtained what it was reasonably worth. The judgment appealed from was rendered in the Court of Appeals June 3, 1895, and the record was filed in this court on the 22d of July succeeding. It is clear that the matter in dispute in the Court of Appeals had not the value of $5000 when the writ of error was sued out. 27 Stat. 434, c. 74, § 8.

In *Harris* v. *Barber*, 129 U. S. 366, which was a writ of error to reverse the judgment of the Supreme Court of the District of Columbia quashing a writ of *certiorari* to a justice of the peace, we had some difficulty in maintaining jurisdiction. But it was sustained on the grounds there stated by Mr. Justice Gray as follows: " The petition for the writ of *certiorari* alleges, upon the oath of the petitioner, that he is in the possession of the premises under a lease having nearly a year to run, with a privilege of extension for four years more; and that he has expended $15,000 in permanent improvements upon the leased property, of which he will be deprived, if the judgment of the justice of the peace, which he alleges to be void for want of jurisdiction, is not set aside

by writ of *certiorari.* The reasonable inference from this is, that the possession of the premises, with the right to use these improvements, throughout the lease and the extension thereof, would be worth more than $5000, showing that the matter in dispute is of sufficient pecuniary value to support the jurisdiction of this court."

No such inference can be drawn from anything in this record, and the result is that the writ of error must be

*Dismissed.*