## SANDERS v. THORNTON.

(Circuit Court of Appeals, Eighth Circuit.    October 30, 1899.)

No. 1,240.

1. UNLAWFUL DETAINER—GROUNDS OF RECOVERY — DISQUALIFICATION OF DE-
FENDANT TO HOLD PROPERTY.
The fact that a defendant in possession and claiming the equitable
ownership of lands in the Indian Territory is a citizen of the United
States, and not entitled to hold such lands, affords no ground for the
recovery of their possession by one to whom the legal title was conveyed
in trust for the defendant, the sovereign alone having the right to oust
the defendant for the disqualification.

2. SAME—UNDER STATUTES OF INDIAN TERRITORY — NECESSARY RELATION OF
PARTIES.
Under the Arkansas statutes, in force in the Indian Territory, an action
of unlawful detainer will not lie unless the relation of landlord and tenant
exists between the parties.

In Error to the United States Court of Appeals in the Indian Terri-
tory.

James S. Davenport, Preston C. West, and William T. Hutchings,
for plaintiff in error.

Dennis H. Wilson and John B. Turner, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.    This was an action of unlawful de-
tainer instituted by Daniel Sanders, the plaintiff in error, against
W. R. Thornton, the defendant in error.    The complaint alleges that
the plaintiff is a citizen by adoption of the Cherokee Nation, and that
defendant is a citizen of the United States; that the plaintiff is the
owner of the lands in controversy, and that he leased them to the
defendant for the term of six years, who took possession of them as
his tenant, and, after the expiration of the term, and after notice in
writing to surrender the premises, refused to do so, but unlawfully
detains them.    The defendant in his answer denies the execution of
the lease, and denies that the relation of landlord and tenant ever
existed between him and the plaintiff, and avers that the lands were
bought by him of a Cherokee freedman who owned them, and that as
he could not own them, not being a citizen of the nation at that time,
it was agreed that the title should be taken in the plaintiff's name,
who was to hold them as trustee for the defendant, plaintiff paying
nothing, and the defendant paying the entire consideration therefor,
and being the equitable owner of the lands and improvements there-
on, and entitled to the possession of the same.    There was a trial by
a jury, and a verdict for the defendant.    On appeal to the court of ap-
peals in the Indian Territory, the judgment of the court below was
affirmed, and thereupon the cause was removed to this court by a writ
of error.

The first assignment of error is that the court erred in refusing to
charge the jury, at the request of the plaintiff, that, if the defendant
is a citizen of the United States, he had no right to purchase or hold

improvements on the public domain of the Cherokee Nation, and that plaintiff is entitled to a verdict. If the defendant was a citizen of the United States, and for that reason was not entitled to hold lands and improvements thereon in the Cherokee Nation, these facts alone would not entitle the plaintiff to recover, as the instruction asked broadly asserts. Several other things would have to occur to entitle the plaintiff to oust the defendant. These facts might entitle the sovereign to oust the defendant, but, if the defendant was not entitled to hold lands or improvements thereon in the Cherokee Nation, that is no concern of the plaintiff, and he cannot profit by it in this action. The sovereign alone, either the United States or the Cherokee Nation, has the right to oust him of his possession or occupancy on that ground. In the state of Colorado, the law prohibits foreign corporations from doing any business in the state without having a known place of business and an agent upon whom process may be served in the state. In Fritts v. Palmer, 132 U. S. 282, 10 Sup. Ct. 93, 33 L. Ed. 317, it was claimed that a conveyance of land to a foreign corporation, which had failed to comply with the provisions of the statute, passed no title whatever to it; but the court held that this question could not be raised collaterally by private persons, unless there be something in the statute expressly, or by necessary implication, authorizing them to do so, but that the sovereign only can object. To the same effect is Seymour v. Gold Mines, 153 U. S. 523, 14 Sup. Ct. 847, 38 L. Ed. 807. The same question is found arising in cases where national banks have taken mortgages on real estate to secure loans, although prohibited by act of congress from doing so, and it has invariably been held that, "where a corporation is incompetent by charter to take real estate, a conveyance to it is not void, but only voidable, and the sovereign alone can object." It is valid until assailed in a direct proceeding instituted for that purpose. Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188; Bank v. Whitney, 103 U. S. 99, 26 L. Ed. 443; Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213, 28 L. Ed. 733.

The second and only remaining assignment of error is that the court erred in charging the jury that if the plaintiff held the title merely as trustee for the defendant, and the relation of landlord and tenant did not exist between them, the action of unlawful detainer would not lie. Under the Arkansas statutes in force in the Indian Territory, no action of unlawful detainer will lie unless the relation of landlord and tenant exists between the parties, as we have twice decided. McCauley v. Hazlewood, 19 U. S. App. 343, 8 C. C. A. 339, 59 Fed. 877; Hardy v. Ketchum, 32 U. S. App. 198, 14 C. C. A. 398, 67 Fed. 282.

The judgments of the United States court of appeals in the Indian Territory and the United States court for the Northern district of the Indian Territory are each affirmed.