BATTLE v. ATKINSON.

(Circuit Court, E. D. Arkansas, W. D. April 28, 1902.)

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

When, from the nature of the action as set forth in plaintiff's complaint, there could not legally be a judgment for the amount necessary to the jurisdiction of a federal court, jurisdiction cannot attach, though the damages are laid in a larger sum.[1]

2. SAME—DAMAGES IN UNLAWFUL DETAINER.

The law of Arkansas (Sand. & H. Dig. c. 70, § 3458) having limited plaintiff's recovery in an action of unlawful detainer to the rent due at the commencement of the suit and up to the time of rendering judgment, or the value of the occupation during the time of the unlawful detention of the premises and damages for withholding the same, a federal court in that state does not have jurisdiction of such an action when the complaint alleges that the amount due is the rent for nine months at $25 per month, though damages are also claimed in the sum of $2,500, but without showing that plaintiff is entitled to anything but actual damages.

3. SAME—ACTION OF UNLAWFUL DETAINER—AMOUNT IN CONTROVERSY.

The courts of Arkansas having settled that the action for unlawful detainer under Sand. & H. Dig. c. 70, §§ 3349–3466, is merely for the purpose of restoring possession unlawfully detained, when the relation of landlord and tenant exists, without regard to ownership, the federal court in that state does not obtain jurisdiction of such an action by virtue of the allegation in the complaint that the value of the premises unlawfully detained is $5,000, with a rental value of $25 per month; the amount in controversy not depending on the value of the premises in fee, but on the rental value for the limited time.

4. SAME—MANNER OF DETERMINING AMOUNT OF CONTROVERSY.

The federal court in Arkansas, in an action of unlawful detainer, by analogy to the requirements of Sand. & H. Dig. c. 70, § 3449, requiring as a preliminary to the issuance of a writ of possession a bond in double

[1] See Courts, vol. 13, Cent. Dig. §§ 890 [c, j, r, rr], 897 [a, b, j, s].

Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

the amount of two years' rent, will, in determining the value of possession as affecting its jurisdiction, regard the amount in controversy as a sum double the amount of the rent of the premises detained for two years.

## On Demurrer to the Jurisdiction.

This is an action of unlawful detainer for the possession of a block of ground and dwelling house thereon situated in the city of Pine Bluff, Ark., alleged to have been rented by the plaintiff, a citizen of Alabama, to the defendant, a citizen of Arkansas, for a monthly rental of $25 from May 1, 1901, to December 1, 1901. The complaint alleges that defendant took possession of the premises under a contract of lease on May 1st, but has failed to pay any rent whatever, and that his right to further occupy the lands ended on December 1, 1901, the time of the expiration of the lease; that the defendant now unlawfully detains the premises, after legal demand; and that the value of the property is $5,000. The prayer is for possession of the premises and $2,500 damages for the unlawful detention. The demurrer challenges the jurisdiction of the court upon the ground that the amount in controversy does not exceed the sum of $2,000, as shown from the face of the complaint.

J. M. & J. G. Taylor, for plaintiff.
Rose & Coleman, for defendant.

TRIEBER, District Judge (after stating the facts as above). The damages claimed in the complaint are in excess of the amount necessary to confer jurisdiction on this court in this controversy, which is between citizens of different states; but it is now well settled that if, from the nature of the case, as stated in the pleadings, there could not legally be a judgment for the amount necessary to the jurisdiction, jurisdiction cannot attach, even though the damages be laid at a larger sum. As early as 1798 Chief Justice Ellsworth said:

"It is not intended to say that on every question of jurisdiction the demand of the plaintiff alone is to be regarded, but that the value of the thing put in demand furnishes the rule. The nature of the case must certainly guide the judgment of the court, and whenever the law makes a rule the rule must be pursued. The proposition, then, is simply this: Where the law gives no rule, the demand of the plaintiff must furnish one; but, where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded." Wilson v. Daniel, 3 Dall. 401, 407, 1 L. Ed. 655.

This rule has been followed by the courts ever since. Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; Bowman v. Railway Co., 115 U. S. 611, 6 Sup. Ct. 192, 29 L. Ed. 502; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Vance v. W. A. Vandercook Co., 170 U. S. 468, 18 Sup. Ct. 645, 42 L. Ed. 1111; Trading Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061; Bank of Arapahoe v. David Bradley & Co., 19 C. C. A. 206, 72 Fed. 867.

There is no allegation in the complaint showing any special damages suffered by plaintiff by reason of the unlawful detention of the premises by the defendant, nor is there anything alleged which would entitle plaintiff to any but actual damages, which would, in this case, be the rents accruing to her from the time the possession was given to the defendant under the lease until the institution of this suit,—nine months, at $25 a month,—thus amounting to the sum of $225. Vance v. W. A. Vandercook Co., supra, is very much in point. In

that case—which was an action for the recovery of personal property of the alleged value of $1,000—$10,000 was claimed as damages, but the supreme court held that this claim of damages was insufficient to confer jurisdiction of the case on the circuit court. Mr. Justice White, who delivered the unanimous opinion of the court, after reviewing the statutes of South Carolina on the subject of replevin, which are similar to those of Arkansas regulating proceedings in actions of unlawful detainer, says:

"As, however, by way of damages in an action of this character, recovery was only allowable for the actual damage caused by the detention, and could not embrace a cause of damage which was not, in legal contemplation, the proximate result of the wrongful detention, and such recovery was confined, as we have seen, to interest on the value of the property, it results that there was nothing in the damages alleged in the petition and properly recoverable, adequate, when added to the value of the property, to have conferred upon the court jurisdiction to have entertained a consideration of the suit. Upon the face of the complaint, therefore, the circuit court was without jurisdiction over the action, and it erred in deciding to the contrary." 170 U. S. 481, 18 Sup. Ct. 650, 42 L. Ed. 1111.

The facts in that case were even more favorable to the contention of plaintiff that he was entitled to exemplary damages than are the allegations in the complaint in the case at bar, for it was there charged "that the trespass by the defendant was malicious, and resulted in the breaking up of plaintiff's trade and commerce," while in the case at bar there is no allegation whatever to entitle plaintiff to any but actual damages.

In Bank of Arapahoe v. David Bradley & Co., supra, Judge Caldwell, in delivering the opinion of the court, says:

"But jurisdiction is not acquired by a groundless and fictitious claim, made for the sole purpose of conferring it. The jurisdiction is determined by the amount demanded by the plaintiff in good faith, and not by the damages claimed, either in the body of the complaint or in the prayer for judgment. * * * In determining whether a claim is made in good faith or is fictitious, and is made only for imposing on the court a case not properly within its jurisdiction, the plaintiff will be held to a knowledge of the well-settled rules of law; and when the actual matter in controversy is inadequate in value to confer the jurisdiction, and the additional amount required for that purpose is attempted to be supplied by setting up a claim for something easily susceptible of proof, if made in good faith, but in support of which no proof is offered, and no satisfactory explanation given, or by adding a claim for which the law gives no right of action, and for which there can be no recovery, such a claim must be held to be fictitious, and to have been made for the purpose of perpetrating a fraud on the jurisdiction of the court."

To the same effect see Trading Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061.

In Thompson v. Gatlin, 7 C. C. A. 351, 58 Fed. 534, the Arkansas statute of unlawful detainer was before the court, and it was there held that the recovery of damages was limited to actual damages resulting from the dispossession. The claim for $2,500 damages made by the plaintiff must, therefore, be disregarded, except for the sum due for rent at the time of the institution of the suit, which amounted to $225, and treated as a mere attempt to give this court jurisdiction, if it does not possess it by reason of the allegation that the value of

the premises sought to be recovered in this action exceeds $2,000. The allegation of the complaint is that the value of the premises for the possession of which this suit has been instituted is $5,000 and the rental value $25 a month. What is the criterion of the amount in controversy? Is it the value of the title in fee simple to the premises, or only the rental value for a limited time? In Smith v. Adams, 130 U. S. 167, 9 Sup. Ct. 566, 32 L. Ed. 895, the court say:

"By 'the matter in dispute' is meant the subject of the litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken." 130 U. S. 175, 9 Sup. Ct. 569, 32 L. Ed. 895.

In Security Co. v. Gay, 145 U. S. 123, 12 Sup. Ct. 815, 36 L. Ed. 646, the question before the court was whether the amount involved exceeded $5,000, the amount necessary to confer at that time jurisdiction on the supreme court. The facts were that the plaintiff in error had recovered $9,725.66, while it claimed to be entitled to $12,-155, or $2,429.34 more than the amount recovered. The action was one under the peculiar practice prevailing in the state of Georgia to foreclose a mortgage, but could not settle the title to the mortgaged premises, which could only be judicially determined by an action of ejectment after a recovery in an action on the debt, and it was there held that the amount involved was the difference between the sum recovered and that claimed, and that the jurisdiction of the court must be determined by the amount involved in the particular case, and not by any contingent loss which may be sustained by either one of the parties through the probative effect of the judgment, however certain it may be that such loss will occur. See, also, Troy v. Evans, 97 U. S. 1, 24 L. Ed. 941; Town of Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484, 27 L. Ed. 249; Zinc Co. v. Trotter, 108 U. S. 564, 2 Sup. Ct. 875, 27 L. Ed. 828; City of Clay Center v. Farmers' Loan & Trust Co., 145 U. S. 224, 12 Sup. Ct. 817, 36 L. Ed. 685. In the last-cited case the court held that when, in an action to recover an installment of rent, the judgment is for less than $5,000, the supreme court is without appellate jurisdiction, although the judgment involved the existence and validity of the contract of lease, and thus indirectly an amount in excess of the jurisdictional limit.

The Arkansas statutes under which this action is brought contain the following provisions (chapter 70, Sand. & H. Dig. Ark.):

"Sec. 3449. The writ of possession specified in the foregoing section shall not be executed in any case unless the plaintiff or some person in his behalf, shall execute to the officer having the writ, a bond with sufficient surety to be approved by such officer, in a sum at least double the value of two years' rent of the property specified in the writ, which value shall be ascertained by the oath of one or more witnesses to be sworn and examined by such officer."

"Sec. 3452. Upon the receipt of such writ and obligation before required, the sheriff or other officer shall forthwith proceed to execute such writ by ejecting from the premises named therein the defendant or any servant, agent or employé, of his or any other person who shall have received or entered into the possession thereof after the issuance of such writ, and by delivering the possession thereof to the plaintiff or his authorized agent, and by summoning the defendant to appear and answer to the action according to the terms of such writ. Provided, if the defendant shall desire to retain,

possession of such premises, he shall signify the same to the officer, who shall give the defendant five days in which to execute a bond in an amount equal to the bond given in such action by the plaintiff, with sufficient surety to be approved by such officer, conditioned that he will deliver possession of the premises to the plaintiff, if the plaintiff recover in the action, and satisfy any judgment the court may render against him in the action. If such bond be given and delivered as above required, the officer shall leave the possession of such premises with the defendant, and shall return such bond with the writ into court."

"Sec. 3458. If, upon the trial of any action under this act, the finding or verdict is for the plaintiff, the court or jury trying the same shall assess the amount to be recovered by the plaintiff for the rent due and withheld at the time commencement of suit and up to time of rendering judgment, or the value of the use and occupation or of the rents and profits thereof during the time the defendant has unlawfully detained possession, as the case may be, and damages for withholding the same, or the damages to which said plaintiff may be entitled on account of the forcible entry and detainer of such premises, and thereupon the court shall render judgment in favor of the plaintiff for the recovery of such premises, and for any amount of recovery that may be so assessed, and if possession of the premises has not already been delivered to the plaintiff under the writ first issued, shall cause a writ of possession to be issued commanding the officer to whom directed to deliver to the plaintiff, the possession of the premises, and to levy of the goods, chattels, lands and tenements of the defendant the amount of recovery that may have been assessed as aforesaid, together with the costs, or in case possession has already been delivered, shall award the plaintiff execution as in case of judgment in personal actions.

"Sec. 3459. In case the finding or verdict is for the defendant the court shall give judgment thereon with costs and for any damages that may be assessed in favor of the defendant and shall also issue a writ of restitution, directed to the sheriff, to cause the defendant to be re-possessed, to which shall be added a clause commanding the sheriff to levy of the goods, chattels, lands and tenements of the plaintiff the damages assessed in favor of the defendant with costs. If the finding and judgment be in favor of the defendant, but from any cause, he be not entitled to the re-possession of the premises at the time of judgment, then the writ of execution shall only be for the damages and costs that may be awarded him, and in all cases where judgment is rendered, either against the plaintiff or defendant for any amount of recovery, damages or costs, judgment shall also be rendered against his sureties in the bond given under the provisions of this act.

"Sec. 3460. In all cases of forcible entry and detainer, and forcible and unlawful detainers, when the defendant gives bond to retain possession of the lands and premises mentioned in the writ and declaration in cause as provided by law, it shall be lawful for the plaintiff to introduce before the jury trying the main issue in such action evidence showing the damage he may have sustained in being kept out of possession of said lands and premises, and the jury, if they find the issue for the plaintiff, shall at the same time assess what damages, if any, the plaintiff has sustained in being kept out of possession by the defendant, and the court shall render judgment restoring the property to the plaintiff, as now prescribed by law, and shall also render judgment against the defendant and his security in the bond for damages as found by the jury, as well as the cost of suit."

"Sec. 3463. In trials under the provisions of this act, the title to the premises in question shall not be adjudicated upon or given in evidence, except to show the right to the possession, and the extent thereof."

"Sec. 3465. Neither the judgment nor anything in this act shall bar or preclude the party injured from bringing his action of trespass or ejectment or other action against the aggressor or party offending."

"Sec. 3466. The preceding sections of this act shall extend to and comprehend all estates, whether freehold or less than freehold."

The result of this action cannot, except contingently, affect the title to the premises, as the statute expressly provides that "the title

to the premises in question shall not be adjudicated upon or given in evidence except to show the right of possession, and the extent thereof" (section 3463); the object of the statute, as construed by the supreme court of the state, being "to restore possession forcibly taken or unlawfully detained, without regard to ownership or title to the property." McGuire v. Cook, 13 Ark. 448. Nor can the action be maintained unless the relationship of landlord and tenant exists between the parties. Dortch v. Robinson, 31 Ark. 296; Necklace v. West, 33 Ark. 682; Mason v. Delancy, 44 Ark. 444; McCauley v. Hazlewood, 8 C. C. A. 339, 59 Fed. 877; Sanders v. Thornton, 38 C. C. A. 508, 97 Fed. 863. The action being one to determine merely the right of possession at the time of the institution of the suit, regardless of the ownership or title, the value of the right of possession alone must determine the amount involved, with such actual damages as the complaint shows the plaintiff can recover under the statute in this action. Bank v. Hoof, 7 Pet. 168, 8 L. Ed. 646; Transfer Co. v. Pendergrass, 16 C. C. A. 585, 70 Fed. 2; Harris v. Barber, 129 U. S. 366, 9 Sup. Ct. 314, 32 L. Ed. 697; Willis v. Banking Co., 167 U. S 76, 17 Sup. Ct. 739, 42 L. Ed. 83. How is that value to be ascertained? The lawmaking power of the state, in providing for the bond to be given by the plaintiff before the writ of possession can be executed, or by the defendant to retain the possession, of the possession a sum double the value of two years' rent of the premises in controversy. Section 3449, supra. It is true the court may require a larger bond, but that would only be done if the allegations in the complaint show that the party deprived of the possession would be entitled, as actual damages, to recover a larger amount than double the value of two years' rent of the premises. The action may be for the possession of a valuable farm with a crop on it ready for gathering, or there may be other special reasons why the rental value would not be a proper measure of damages; but nothing of the kind is alleged in this complaint. The court would, therefore, not be justified to require in this case a larger bond than double the value of two years' rent, which in this case would be $1,200, the value of the premises for two years, according to the allegations of the complaint, being $600. There is no reason why the court should not, by analogy, adopt this rule for the purpose of determining the value in controversy for jurisdictional purposes. The amount plaintiff could recover in this action, if the possession is retained by the defendant until the final determination of the cause,—which it is hardly reasonable to suppose would last in the trial court more than two years,— would be $600. Should an appeal be taken from the judgment of this court, a supersedeas bond would have to be executed by the defendant, which would cover all damages sustained while the case is pending in the appellate court. The nine-months rent claimed to be due at the time the suit was instituted would amount to $225, leaving $375 of the penalty of the bond for any other actual damages the plaintiff may suffer by reason of being deprived of the possession of the premises. In no event can it be said that under the allegations of the complaint the amount in controversy can exceed $2,000.

The demurrer to the jurisdiction of the court must therefore be sustained.