# CENTRAL EUREKA, INC.
## *v.*
## GUANICA CENTRALE.

San Juan, Law, No. 1238.

AMOUNT AT ISSUE IN EJECTMENT.

Motion to Remand—Unlawful Detainer.

    1. A motion to remand because a suit is for unlawful detainer will not be entertained until the pleadings develop whether the procedure is in ejectment or unlawful detainer.

Amount in Controversy—Jurisdiction.

    2. Where the verified petition for removal states that the amount in controversy exceeds $3,000 and the agreed statement of facts shows that the annual rental is about $1,000, the jurisdiction is not ousted.

Opinion filed April 3, 1918.

*Mr. Leopoldo Feliu* for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. This case comes up upon a motion to remand on the ground that the amount in controversy is below the jurisdiction of this court because the suit is one of unlawful detainer, desahucio (P. R. Rev. Stat. § 1625, Act March 9, 1905), and

the agreed statement of fact is that the annual rental as about $1,000.

The form in which the action is brought in the local court is not binding upon this court upon removal. It is quite true that the Code of Civil Procedure applies in this court as well as in the local court, but the rules of practice are not the same and the presence of a jury brings other differences. The mere summary recovery of the material possession of land is the object of unlawful detainer, desahucio. Garcia v. Brignoni, 22 P. R. R. 356; Bacon v. Marks, 8 Porto Rico Fed. Rep. 601; Virella v. Virella, 23 P. R. R. 644. There has been no demurrer, answer, or other step taken to question the form in which the suit was brought; and it cannot be said that the court is in position to determine whether it should be considered a suit for unlawful detainer, or one in ejectment, to use the familiar American terms. San Juan Fruit Co. v. Carrillo, 7 Porto Rico Fed. Rep. 265.

2. In an action for detainer where the rental was $640, the Supreme Court held that the matter in dispute was only the right of possession and under the court's appellate jurisdiction. McClung v. Penny, 189 U. S. 144, 47 L. ed. 753, 23 Sup. Ct. Rep. 589. Where it was stipulated that the value of the real property was adequate, while the value of possession was not shown, jurisdiction was declined by the Supreme Court. Willis v. Eastern Trust & Bkg. Co. 167 U. S. 76, 42 L. ed. 83, 17 Sup. Ct. Rep. 739. In the case at bar, however, the petition for removal states under oath that the amount in controversy exceeds $3,000. This is reconcilable with the annual rental value being less. So far as appears as yet, more than one year's rental value may be in controversy, or crops or other

Central Eureka v. Guanica Centrale.

elements may enter. Smith v. Adams, 130 U. S. 167, 32 L. ed. 895, 9 Sup. Ct. Rep. 566; Seattle v. Oregon & W. R. Co. 242 Fed. 986, 988; Hilton v. Dickinson, 108 U. S. 174, 27 L. ed. 691, 2 Sup. Ct. Rep. 424; Stinson v. Dousman, 20 How. 461, 15 L. ed. 966.

It follows that there is at present nothing before the court which can be considered as overcoming the petition for removal, and the motion to remand must therefore be denied.

It is so ordered.