# Williams *v.* The State.

## *Adultery.*

(Decided Feb. 9, 1911.　54 South. 535.)

1. *Indictment and Information; Caption; Requisites of.*—The caption showing of record when and where the court was held, who presided as judge, the venire, and who were summoned and sworn as grand jurors, forms an essential part of the validity of the indictment.

2. *Courts; City Court of Andalusia; Jurisdiction.*—The City Court of Andalusia is of statutory creation and limited jurisdiction, and its jurisdiction to try under indictments returned into it from the circuit court cannot be called into exercise except in the manner provided by law.

3. *Same; Transfer from Circuit Court.*—Under the provisions of the act creating the City Court of Andalusia, (Local Acts 1907, p. 330), the caption showing the organization of the circuit court and of the grand jury which found the indictment, should, when an indictment is transferred from the circuit court to the city court, be filed with and spread on the records of the city court.

4. *Same.*—Where, under the act creating the city court of Andalusia the clerk of the circuit court delivers indictments, papers, and copies of the record to the judge of the city court of Andalusia it will be presumed, in the absence of proof to the contrary that an order directing the transfer of all indictments, has been made, and that the clerk acted in obedience to such order.

5. *Same.*—A trial in the city court of Andalusia under an indictment found in the circuit court and transferred to the city court, had before the record of the indictment has been filed in the city court, is without jurisdiction.

6. *Same; Order.*—An order of transfer required by the statute to be made in the circuit court at the first term thereof after the passage of the act creating the city court, transferring causes to the city court, once made, suffices for all future cases, and need not be repeated.

APPEAL from Andalusia City Court.

Heard before Hon. R. H. JONES.

Will Williams was convicted of a misdemeanor, and he appeals. Reversed and remanded.

The record shows the organization of the circuit court of Covington county, which convened at the court house

thereof on Monday, the 23d day of May, 1910, the judge presiding, the name of the grand jurors impaneled, together with the other necessary orders of the court. Following this is a general order of the judge of the circuit court, entered on May 21, 1908, transferring all causes now pending on the circuit court docket wherein parties defendant were charged with misdemeanors, except those charged with carrying concealed weapons, to the city of Andalusia, and for a delivery of all the papers in such cases to the proper custodian in the city court. Then follows the organization of the county court for the term trying this particular cause.

The defendant filed the following plea: "That the indictment in this cause, on which the defendant was charged, was returned by a grand jury into the circuit court of said county; that there were no orders of said circuit court, and the presiding judge thereof made no order, transferring said cause into this court at the time and in the manner provided for, and prescribed by law; that no certified copy of the record of said prosecution, or of the proceedings in and of said cause, has been made and filed in this court, as is provided for and required by law in such cases, all of which appears of record in this court. Wherefore this court is without jurisdiction." Demurrers were sustained to this plea.

A. WHALEY, for appellant. The Act creating the City Court of Andalusia is unconstitutional, because materially different from the notice given of the intention to apply for same.—*State ex rel. Speake,* 39 South. 224; *Wallace v. Bd. of Revenue,* 37 South. 321; *State ex rel. Hanna v. Tunstall,* 40 South. 135. Counsel insist that the organization of the circuit court, together with the organization of the grand jury which returned the indictment

should have been shown, and spread upon the minutes of the city court, and failing to do so, the city court acquired no jurisdiction to try. It is further insisted that an order should be made at each term of the court, transferring causes from the circuit to the city court, but no authority is cited in support of the contention.

ROBERT C. BRICKELL, Attorney General, for the State.

SAYRE, J.—The point taken against the constitutionality of the statute has been decided adversely to the appellant.—*Christian v. State, Infra,* 52, 54 South. 1001.

The indictment found in the record purports to have been presented in the circuit court of Covington county on May 27, 1910. By plea in abatement, and by motion to strike the cause from the docket, the defendant took the point that no certified copy of the record of the proceedings had in said cause in the circuit court had been filed in the city court. The act creating the city court of Andalusia (Loc. Acts 1907, p. 330 et seq.) provides, among other things, that: "At the next regular term of the circuit court for said county, and on the first day thereof, it shall be the duty of the presiding judge thereof to make and enter upon the minutes of said court an order directing the clerk of such court to deliver to the judge of the city court all indictments in misdemeanor cases then pending and undetermined in said court, and said order shall provide for the delivery of all other indictments in misdemeanor cases which may hereafter be found by any grand jury of said court, or that may be pending therein, together with all the papers, data, and a copy of the records of such indictments and the minute entries therein, and upon such delivery the jurisdiction of the circuit court shall cease, and the

[Williams v. The State.]

said city court be empowered to try all such causes as if the same had originated in said city court," etc. The caption is an essential part of an indictment, and is that entry of record showing when and where the court is held, who presided as judge, the venire, and who were summoned and sworn as grand jurors.—*Goodloe v. State*, 60 Ala. 93. Now that the question has been raised in a way requiring review, we will state our judgment as to the proper and necessary procedure in cases transferred under the act from the circuit court of Covington to the city court of Andalusia. The city court of Andalusia is of statutory creation and limited jurisdiction. Upon well-recognized principle, its jurisdiction to try indictments returned into the circuit court cannot be called into exercise except in the manner prescribed by the law of its creation.—*Wiley v. State*, 117 Ala. 158, 23 South. 690. The statute might have provided, no doubt, that upon the return of an indictment for a misdemeanor into the circuit court the jurisdiction of the city court to try should thereupon, and without more, attach. But it did not so provide. It requires that an order for transfer be made in the circuit court, that the clerk of that court shall do certain acts in compliance with the order, and that thereupon the jurisdiction of the circuit court shall cease, and the city court be empowered to try all such cases as if the same had originated in the said city court. It was considered important that the record of the city court should show a complete and unbroken history of every conviction there had on indictment preferred in the circuit court, and it was intended that, when a defendant is arraigned upon such indictment in the city court, there should be before that court and the defendant a complete record of the proceedings which resulted

in the indictment, in order that it might be known by an inspection of the record that the defendant is charged upon a valid indictment. The advantages of this procedure the statute preserves by requiring, among other things, that a copy of the record of the circuit court, showing the organization of the term at which, and of the grand jury by which, the indictment is found, shall be delivered to the judge of the city court, and in terms makes the jurisdiction of the city court depend upon compliance. The statute does not require that the copy should be certified, but contemplates that copies as well as original papers concerning the prosecution may be sufficiently authenticated by mere delivery to the judge of the city court. The copy of the record of the circuit court showing the organization of the term and of the grand jury will constitute the caption of all indictments found and transferred at the term, and should be filed and spread upon the record of the city court whence it may be certified by the clerk of the city court to this court in any case in which some question concerning the organization of the grand jury is raised before the trial court. As for the order of transfer which the statute provided should be made in the circuit court at the first term after the passage of the act creating the city court, such order, once made, suffices for all future cases, and need not be repeated. When the clerk of the circuit court delivers indictments, papers, and copies of the record to the judge of the city court, it will be presumed always, in the absence of proof to the contrary, that an order directing the transfer of all indictments has been made as required by law, and that the clerk acts in obedience to such order.

The transcript of the record certified in this case contains what purports to be a copy of the organization of

[Williams v. The State.]

the term of the circuit court at which, and of the grand jury by which, the indictment was preferred against the defendant. But the certificate authenticates the record of the city court as it was on the 12th day of January, 1911. The trial was had on September 1, 1910. The bill of exceptions shows that at the hearing of defendant's motion, made before plea, the clerk of the city court testified that no copy of the record of the circuit court had at the time been made and filed in the city court. As to the time when the copy of the circuit court record .was filed in the city court, there is no conflict between the bill of exceptions and the record proper of the city court. Both must, therefore, be taken as true. So taken, it appears upon the record here, that the statute, upon compliance with the terms of which the jurisdiction of the city court depended, had not been observed. Defendant's motion was well taken, and for error in ruling otherwise the judgment of conviction must be reversed. The defendant will be held to answer the indictment when a copy of the organization of the term of the circuit court and of the grand jury shall have been lodged in the city court as the statute provides. We infer that this has been done since the trial of this case. If so, the case will be ready for trial upon its return to the city court.

Reversed and remanded.

DOWDELL, C, J. and ANDERSON and SOMERVILLE, JJ., concur.