25 So.2d 412

### SALVADORE v. HOWARD.
#### 7 Div. 861.

Supreme Court of Alabama.
March 28, 1946.

Motley & Motley, of Gadsden, for appellant.

534

Ernest E. Parker, of Gadsden, for appellee.

BROWN, Justice.

The proceedings in this case originated in a justice of the peace court under provisions of Chapter 3, Title 31, Code of 1940, by an affidavit made in compliance with Sec. 35 of said Chapter on which the justice of the peace issued a writ or process directing the sheriff, his deputy, or any lawful constable of the county to deliver to the owner, who made the affidavit, possession of a tenement designated as 811 Shahan Avenue, Alabama City, Alabama, of which Willie Salvadore was in possession as tenant of Mrs. Susie Howard. The writ issued was served on Salvadore by the officer with notice that after the expiration of three days, not counting Sundays or legal holidays, said officer would proceed to the execution of the writ as provided by Sec. 38 of said Chapter.

Section 37 of said Chapter provides that: "The tenant may arrest the proceedings and prevent the removal of himself and goods from the land by declaring on oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term, or that his right of possession has not terminated or been forfeited, and that he still has a good and lawful right to the possession of said premises."

Section 38 of said Chapter which provides for service of the writ also provides: "unless a counter affidavit, as provided by section 37 of this title, is filed with said officer within that time (3 days), it shall be his duty to proceed forthwith to execute said writ or process".

Section 39 of said Chapter provides: "If the counter affidavit provided in section 37 of this title be made and delivered to the sheriff or deputy sheriff or constable, the tenant shall not be removed, but the officer shall immediately return the proceedings to the justice of the peace or court which issued said writ or process, and the fact or facts in issue shall be there tried by said justice of the peace or court, and shall stand for trial on the third day after the delivery to said sheriff or deputy sheriff or constable of such counter affidavit, Sundays and legal holidays excepted."

Section 40 of said Chapter provides for the trial and judgment of the justice of the peace.

Section 41 of said Chapter gives any party the right to appeal "from a judgment rendered against him by any justice of the peace or other like court, to the circuit court, at any time within one day after the rendition thereof, and such appeal and the proceedings thereon shall in all respects be governed by the law relating to appeals from justices of the peace".

Salvadore made a counter affidavit within the three days from the service of process on him, but it does not appear that he filed said affidavit with the officer who had served the writ on him. The record does not show a judgment rendered by the justice of the peace, nor does it show any transcript of the proceedings had before the justice of the peace other than the initial affidavit, the writ and the officer's return, and the counter affidavit which was filed in the circuit court. There is an appeal bond with many blanks, to wit, the omission of the date of its execution, the omission of the date of the judgment, and the amount of damages, if any, and which does not appear to have been filed with or approved by the justice of the peace, but was filed by the clerk of the circuit court with a notation: "No signature of approval on bond. No transcript sent up from Justice Court."

The demand for trial by jury filed in the circuit court on the 17th day of August, 1945, appears to have been withdrawn and the following judgment entry made in the circuit court: "On this the 25th day of October, 1945, it is ordered by the court that by agreement between the parties, the jury demand in this case be and the same is hereby withdrawn. And come the parties by attorneys, and by agreement between said parties, it is ordered and adjudged by the court that the

plaintiff recover judgment against the defendant for the property sued for to wit: 811 Shahan Ave., Ala. City, Ala., and defendant taxed with costs, all by agreement. It is therefore considered and adjudged by the court that the plaintiff recover judgment against the defendant for the said property sued for to wit: 811 Shahan Ave., Ala. City, Ala., and for the costs in this suit, for which let execution issue, thirty (30) days from this date." From this judgment the defendant gave notice of appeal and executed a supersedeas bond in the sum of $300.

No assignments of error are made on the record.

The continuance entered on January 15, 1946, by this court was set aside on the 19th day of March, 1946, and the cause was submitted on briefs on appellee's motion to affirm for want of assignments of error, and on the merits.

The appellant insists that this court is without jurisdiction and that the only judgment that can be rendered is one dismissing the appeal. The proceedings are purely statutory and both the justice of the peace and the circuit court are for the purposes of review courts of limited jurisdiction, and the jurisdiction can only be quickened into exercise by following the mode prescribed by the statute. Williams v. State, 171 Ala. 56, 54 So. 535; Wiley v. State, 117 Ala. 158, 23 So. 690; Garrett v. Reid, 244 Ala. 254, 13 So.2d 97.

The circuit court was without jurisdiction there being no appeal nor judgment from which an appeal could be taken to said court. Gunter v. Mason, 125 Ala. 644, 27 So. 843; Folmar v. First National Bank of Montgomery, 223 Ala. 625, 137 So. 777. Jurisdiction over the subject matter in such proceeding cannot be conferred by consent. Meyers et al. v. Martinez, 162 Ala. 562, 50 So. 351; Sumner v. Hill et al., 157 Ala. 230, 47 So. 565; 3 C.J. § 127, p. 371. See also 4 C.J.S., Appeal and Error, § 44.

The appeal is therefore dismissed. Let the appellant and the sureties on the appeal bond pay the costs of the appeal and the cost of the circuit court.

Appeal dismissed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.