48 So.2d 465

### HYDE v. ISBELL.

8 Div. 555.

Supreme Court of Alabama.

Oct. 26, 1950.

374

H. H. Conway, of Albertville, for appellee.

SIMPSON, Justice.

Proceeding in the nature of unlawful detainer under Title 31, § 35 et seq., Code 1940, to oust defendant from possession of land after the expiration of his tenancy.

The case was first heard before the justice of the peace and from an adverse judgment there defendant appealed to the circuit court, where the proceedings were transacted *de novo*. The circuit court again rendered judgment against the defendant and in favor of the plaintiff for possession of the property and defendant has appealed to this court.

The evidence on the issue of unlawfully withholding possession of the premises was in conflict, but there was warrant in it to support the finding of the circuit court that the defendant was holding possession of the premises after his tenancy had terminated and had refused to vacate after proper legal notice. Glenn v. Nixon, 248 Ala. 569, 28 So.2d 718; Salvadore v. Howard, 247 Ala. 533, 25 So.2d 412.

This conclusion was not palpably erroneous, so in view of the usual presumption attending the findings of the lower court on conflicting evidence, we would not

Clarke E. Johnson, Jr., of Albertville, for appellant.

be warranted in overturning it here. Ray w. Richardson, 250 Ala. 705, 30 So.2d 89 (17); Birmingham Electric Co. v. Lawson, 239 Ala. 236, 194 So. 659(4).

One insistence for a reversal is that the judgment in the justice court was void and that the proceedings in the circuit court were therefore *coram non judice*. The insistence is untenable. The statute does not prescribe for any formality with reference to the rendition of the judgment in the justice of the peace court. The duty of the justice is to decide the issue of who is entitled to the possession of the property. Title 31, § 40, Code 1940. Of such was the import of the judgment here.

Moreover, the appeal bond given by the defendant to take the case to the circuit court was in accord with the requirements of the statute. Title 31, § 41, Code 1940. And "when the appeal bond is given and citation served, jurisdiction of the circuit court attaches, and the suit is due to be tried de novo". Williams v. Prather, 236 Ala. 652, 654, 184 So. 473, 474.

The case in hand is to be differentiated from Salvadore v. Howard, supra, where it was held that the circuit court was without jurisdiction to proceed by reason of there having been no sufficient appeal bond and no judgment in the justice of the peace court from which the appeal was sought to be taken.

One final contention. Title 31, § 39, Code 1940, with reference to the trial in the justice of the peace court, provides inter alia that: " * * * the fact or facts in issue shall be there tried by said justice of the peace or court, and shall stand for trial on the third day after the delivery to said sheriff or deputy sheriff or constable of such counter affidavit * * *." It is contended that the proceeding was entirely void and that the circuit court was without jurisdiction to entertain the appeal because, rather than trying the case on the third day, more than three days elapsed after the issue was made up and the case tried in the justice court. This contention is likewise without merit. The purpose of the statute is to forestall a trial until the third day. It was with-

in the discretion of the justice to set the case for trial as was done.

We find no merit in the appeal.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.