63 So.2d 361

**HARRISON v. REDWINE.**

8 Div. 656.

Supreme Court of Alabama.

Feb. 26, 1953.

Russell W. Lynne, Decatur, for appellant.

Jack Carter Reed, Tuscumbia, for appellee.

STAKELY, Justice.

This is a statutory action in the nature of unlawful detainer brought under Chapter 3, Title 31, Code of 1940. The action was begun by Dora E. Redwine (appellee) in the lower court by affidavit executed and filed in the lower court as provided by § 35, Title 31, Code of 1940. Thereupon the writ provided for in § 36, Title 31, Code of 1940, was issued. This writ was served upon S. C. Harrison (appellant) on January 17, 1952. On January 21, 1952, S. C. Harrison filed in the office of the clerk of the lower court an affidavit as provided in § 37, Title 31, Code of 1940. Motion was then filed in the lower court by Dora E. Redwine in which it was pointed out, among other things, that the affidavit which was sought to be filed under § 37 had been filed in the office of the Clerk of the lower court instead of with the sheriff or deputy sheriff or constable, as provided in §§ 38 and 39, Title 31, Code of 1940. The motion prayed that the court direct the officer to proceed with the execution of the writ which the court had theretofore issued in the case under § 36, Title 31, Code of 1940. Thereupon on January 23, 1952, the court issued an order to the Sheriff of Colbert County, Alabama, directing him to proceed with the execution of the writ and remove S. C. Harrison (appellant) together with his

436

goods from the property described in the writ and to deliver the same to Dora E. Redwine (appellee). A copy of the order was served by the Sheriff on S. C. Harrison on the 23rd of January, 1952 and on that day the Sheriff removed S. C. Harrison and his goods from the property.

The question for decision is whether the filing of the affidavit provided in § 37, Title 31, Code of 1940, with the clerk of the court rather than with the officer serving the writ is a compliance with the requirements of §§ 38 and 39, Title 31, Code of 1940, which would make the trial provided for in § 39, Title 31, Code of 1940, mandatory.

So far as we are advised no decision has been rendered by this court on the point under consideration. We have noted, however, that the proceeding under Chapter 3, Title 31, Code of 1940, is purely statutory and sui generis, Garrett v. Reid, 244 Ala. 254, 13 So.2d 97, and further the jurisdiction conferred in these statutory proceedings is limited and can be quickened into exercise only by following the mode prescribed by the statute. Salvadore v. Howard, 247 Ala. 533, 25 So.2d 412. Sections 38 and 39 specifically prescribe that the counter affidavit provided for in § 37, shall be delivered to the sheriff or deputy sheriff or constable. There is no provision for filing such counter affidavit with the clerk of the court.

We can see no escape from holding that the statutes were not complied with and the court was correct in holding that the appellant S. C. Harrison did not take the action provided by the statutes, which would entitle him to a trial of the fact or facts in issue, as provided in § 39, Title 31, Code of 1940. If it be true, as contended by the appellant, that this construction of the statutes can work a hardship on the appellant in certain instances, this is a matter for the legislature and not for the courts.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.