148 So.2d 224

**Mr. and Mrs. Guy BICE**

**v.**

**Mrs. Estelle HENDRIX.**

**6 Div. 879.**

Supreme Court of Alabama.

Dec. 20, 1962.

282

Thos. A. Smith, Jr., Cullman, for appellants.

Bland & Bland, Cullman, for appellee.

HARWOOD, Justice.

Proceedings were brought under the provisions of Secs. 35–45 of Title 31, Code of Alabama 1940, for the possession of property wrongfully withheld and were originally instituted in the Justice Court of W. Marvin Scott, Justice of the Peace in Precinct 1, Cullman County.

It appears that in the Justice Court, upon the filing of the complaint by the appellee here, a writ was issued to Mr. and Mrs. Guy Bice notifying them to deliver up possession of the premises within three days.

The writ was served upon the Bices by the Sheriff on 10 April 1962.

On 12 April 1962, a paper was filed purporting to be a counter affidavit by Mr. and Mrs. Bice asserting that their lease to the premises in question had not expired, and further that the description set forth by the plaintiff was insufficient. This purported affidavit was signed "Mr. and Mrs. Guy Bice, by Thomas A. Smith," and was filed with the Sheriff.

On 16 April 1962, the plaintiff moved to strike this purported affidavit on numerous grounds, and on 23 April 1962, the motion was granted.

On that same day (23 April 1962) the defendants filed with the court a second counter affidavit to the same effect as the first counter affidavit of 12 April 1962. This second counter affidavit was also stricken on motion of the plaintiff.

The Justice Court entered a judgment in favor of the plaintiff for the recovery of the premises.

From this judgment the defendants below perfected an appeal to the Circuit Court of Cullman County. No jury was demanded.

In the Circuit Court the defendants filed a third counter affidavit and this was stricken on motion of the plaintiff.

The defendants also filed a demurrer to the complaint, the grounds of which questioned the description of the premises. This demurrer was stricken on motion of the plaintiff.

It also appears that the plaintiff below, appellee here, attempted to amend the complaint by making more certain the description of the premises. The record further shows that this amendment was withdrawn, so the rulings in connection with the pleadings in this aspect are moot.

The defendants then filed an answer setting forth that the description of the premises was insufficient, and further that their lease on the premises had not expired. On motion of the plaintiff this answer was stricken, and a judgment was entered in favor of the plaintiff.

In the complaint and subsequent papers, the premises were described as:

"The residence occupied by Mr. and Mrs. Guy Bice which is located on a portion of the Southeast Quarter of the Northwest Quarter of Section 36, Township 2, Range 2 West,"

in Cullman County, Alabama.

■ This was a sufficient description. Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609. Particularly is this true since in this action only occupancy and possession are in issue. Lipscomb v. Moore, 228 Ala. 365, 153 So. 393.

The court's ruling relative to the demurrer was correct.

The other point involved in this appeal pertains to the action of the court in striking the counter affidavit filed in the circuit court, and in striking the answer filed in said court.

■ The counter affidavit first filed in the justice court and signed by the attor-

ney rather than the tenants with no sufficient reason being stated for the failure of the tenants to execute the affidavit was a nullity, and of no effect. Green, Supt. of Banks v. Martin, 221 Ala. 514, 129 So. 465.

Section 38 of Title 31, supra, which provides for service of the writ by the officer also provides "unless a counter affidavit, as provided by section 37 of this title, is filed with said officer within that time [3 days], it shall be his duty to proceed forthwith to execute said writ or process."

The second counter affidavit by the defendants in the justice proceedings was not filed until 23 April 1962, far beyond the three day limitation for filing such counter affidavit, and was filed with the justice of the peace, and not delivered to the officer as required by Section 37, supra.

■ This case is squarely within the influence of Harrison v. Redwine, 258 Ala. 435, 63 So.2d 361, wherein it was stated:

"Statutory action by landlord to recover possession unlawfully withheld by tenant is purely statutory and sui generis and the jurisdiction conferred in such statutory proceedings is limited and can be invoked only by following the mode prescribed by statute. Code 1940, Tit. 31, § 35 et seq.

"Filing counter-affidavit with clerk of court rather than with officer serving writ, requiring removal of tenant and delivery of possession to landlord, issued in statutory action to recover possession unlawfully withheld by tenant was not in compliance with statute and hence was ineffective to arrest the proceeding and entitle tenant to a trial of the facts in issue. Code 1940, Tit. 31, §§ 35 et seq., 36–39."

■ Appellant argues he should have been allowed to file the counter affidavit in the circuit court as an amendment to the original counter affidavit filed in the justice court. As before stated, this original coun-

ter affidavit was a nullity, and therefore it was not subject to amendment.

■ Further, the justice of the peace not having jurisdiction to arrest the proceedings and grant a hearing on the merits because of failure of the defendants to validly file a counter affidavit, the circuit court could not permit an amendment which would be necessary to create such jurisdiction. Sec. 5 C.J.S. Appeal and Error § 1519C.

The judgment of the circuit court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL, JJ., concur.