NEW YORK I. & P. Co., for Use of STEWART, *v.* MILBURN GIN & MACHINE Co.

*(Circuit Court, W. D. Tennessee. April 21, 1888.)*

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—SET-OFF.

The statutes or the state regulating the right of set-off may be effective to determine the sum or value of "the matter in dispute" in the suit sought to be removed, and yet not operate as restrictions imposed by state legislation upon the jurisdiction of the federal court. If, therefore, the suit be one appealed from a justice of the peace to the state circuit court, and the defendant file there a plea of set-off, claiming $3,000 against the plaintiff, but under the statute of the state he can recover no more than $500 in that court, it is that sum which is "the matter in dispute," and the federal court can have no jurisdiction by removal under the act of 1875, c. 137, § 2.

At Law. On motion to remand.

The plaintiff sued upon an account before a justice of the peace for $288, suffered judgment there in favor of the defendant, and took an appeal to the circuit court of Shelby county, where the defendant pleaded a set-off, claiming damages in the sum of $3,000 for a breach of the contract for roofing certain buildings, out of which the balance sued on by the plaintiff arose, the account having been assigned to the usee of the action. After filing this plea the defendant removed the cause to this court. The plaintiff moved to remand, because the matter in dispute does not exceed, exclusive of costs, the sum of $500.

*Metcalf & Walker*, for the motion.

*Wm. M. Randolph*, contra.

HAMMOND, J. Our courts are in direct conflict on the question whether or not, on a motion to remand, the amount in dispute is to be determined by the plaintiff's demand; or by the demand of the defendant, where he sets up a counter-claim, as in this case. *Clarkson* v. *Manson*, 4 Fed. Rep. 257; *Manufacturing Co.* v. *Broderick*, 6 Fed. Rep. 654; Dill. Rem. Causes, §§ 51, 64; Desty, Rem. Causes, 87, 88, 110, 111; *West* v. *Aurora*, 6 Wall. 139; *Ryan* v. *Bindley*, 1 Wall. 66; *Hilton* v. *Dickinson*, 108 U. S. 165, 2 Sup. Ct. Rep. 424; *Bradstreet Co.* v. *Higgins*, 112 U. S. 227, 5 Sup. Ct. Rep. 117. In the view the court takes of this case that question does not arise in such a manner as to imperatively demand its decision. If decided for the plaintiff it would necessarily result in remanding the case to the state court, it is true, and in that sense it is fairly presented for decision; but if decided for the defendant, there is left another question which must be decided before our jurisdiction is established, and the one does not at all depend upon the other. However, it is proper to say that, while I pretermit the question here, I take that course because I am strongly inclined to think that the above-cited decisions of the supreme court, and others that might be cited upon an analogous question concerning its own jurisdiction, would control that question against the

v.35F.no.4—15

plaintiff here, and force this court to the consideration of the other question referred to as an independent one. This being so, I prefer not to decide it, but to pass to the leading question presented by the facts. For a similar reason I pass another question presented in the argument as a preliminary and controlling one, but which I do not think necessary to decide. That is the question whether the court of a justice of the peace is a "court of record" in which this cause was pending, so as to control the consideration of the amount in dispute, or whether it was not pending, within the purview of the removal act, for the first time in the circuit court of Shelby county, when taken there by appeal. The argument is that, inasmuch as the plaintiff sued before a justice of the peace, and allowed judgment to go against it, and appealed, that the case was to all intents and purposes commenced originally in the circuit court of the state, and not before a justice of the peace, and that therefore the limitations on the jurisdiction in cases going by appeal from the latter jurisdiction, about to be noticed, should be ignored here, and the case treated solely with reference to the plenary original jurisdiction of the state circuit court. The force of this is that it lets in our jurisdiction, and defeats any plan of the plaintiff to circumvent that jurisdiction by bringing a suit before a justice merely to impose limitations that would prevent a removal. It has been decided in West Virginia that a justice's court is not within the removal act of congress, and that therefore a trial before him did not conclude the right of removal, but that the case stood for trial de novo in the circuit court of the state to which it had been appealed, and might be removed from there. Oil Co. v. Rauch, 5 W. Va. 79; Dill. Rem. Causes, §§ 60, 74; Desty, Rem. Causes, 90. 151. Similarly, if the original proceeding be taken in some special tribunal, as commissioners of appraisement, or if the trial be before referees, and the case be carried into another tribunal for trial de novo, the removal may be had from the latter. Boom Co. v. Patterson, 98 U. S. 403; Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. Rep. 377.

But it does not seem to me to at all follow from this that we are to disregard the statutory limitations upon the justice's court or other special tribunal, or to disregard that peculiar method of procedure, and treat the question of "the matter in dispute" as if the justice's court or special tribunal did not exist. The fallacy is in looking at the case as if originally brought in the circuit court, to which it is in fact carried by appeal, because, after arriving there from the subordinate tribunal, it is to be tried de novo. It so happens that the plaintiff here, under our Tennessee laws, had the option to bring this suit in the circuit court originally, or to bring it in the justice's court originally. Had he brought it in the circuit court originally, there could be no doubt about our jurisdiction by removal, for that is the court of plenary and general jurisdiction; and conceding that "the matter in dispute" is to be tested by the whole record, upon the counter-claim as well as upon the plaintiff's claim, as above suggested, it conclusively appears that the amount is more than $500. But the plaintiff took the other course, and

brought the suit first before the justice, and then by appeal to the circuit court. Now, whether the justice's court be one of record or not, whether it be "a state court" within the removal act or not, we cannot ignore the fact that the case was not brought *originally* in the circuit court, and disregard the fact that it went there by appeal from another tribunal of some kind. That would be a very convenient way of getting over a troublesome obstacle, but it is not permissible upon any theory based on the cases just cited. However, the act of congress does not say that the removal shall be from "a court of record," and I am not prepared to say that a removal may not be had directly from a justice's court, or, possibly, must be made from that court under our laws, and it is about this question that I wish to make no expression of opinion whatever, nor to intimate any solution of it here.

But again, let all that is claimed be conceded on that point, and I see no escape from the conclusive answer that the jurisdiction of the circuit court itself, as to this class of cases, is not plenary and full, like it is in cases brought originally in that court, but that it is the jurisdiction of that court which is itself so limited by the restrictions of the statute that, ignoring the justice's court as we are asked to do, we do not improve the position of the defendant in regard to "the matter in dispute" under the removal act of congress. There is no reason why the legislature may not so arrange the jurisdiction of a court that cases coming into it under its own writ shall be unlimited in the amount of the jurisdiction, and these coming under the writ of a justice of the peace shall be restricted as to the amount of that jurisdiction; nor why any given case may not be made to fall, at the option of the plaintiff, within the one or the other class, according to his choice; but it is doing violence to this right of the legislature to hold that a case falling within the one class shall be taken here, on a motion to remand, as if it had fallen within the other class.

We come, then, to the examination of "the matter in dispute" in this case, and it does seem to me entirely clear that it cannot exceed the minimum of $500, exclusive of costs, prescribed by the act of congress of 1875, under which the removal was had. The defendant has a claim against the plaintiff of $3,000, if the allegation of the plea of set-off or recoupment be true, but not more than $500 of that claim could have been involved in the court from which this cause was removed, for no larger judgment than that could have been rendered in favor of the defendant in that court. It is entirely well settled, and, indeed, seems to be conceded by counsel in argument, that the state circuit court cannot, in cases pending in that court by the process of appeal from a justice's court, give a judgment in behalf of a defendant upon his counter-claim or set-off larger than $500, if due upon open account; that being the result of the rule which restricts the circuit court to the same jurisdiction the justice himself had. There is a suggestion of the argument that this rule applies only to a set-off arising out of claims of the defendant wholly independent of the plaintiff's cause of action, and not to such as grow out of that cause of action, as this does. But upon a most critical examina-

tion of all the cases cited, and others more or less connected with the subject, I find no trace of such a distinction, in relation to this point of the jurisdiction of the circuit court to exceed upon appeal the jurisdiction of the justice.    Before citing the cases it may be well enough to remember that the right of set-off or recoupment is purely statutory, that we have no act of congress regulating it, and that we are in this court entirely dependent upon the legislation of the state in regard to it, and that outside of that legislation a defendant could, perhaps, have no relief at all, unless the old English statutes of set-off might be treated as the common law of the state.    This furnishes an additional reason to us for the dependence upon the state statutes altogether for measuring the sum or value of the "matter in dispute," under the removal acts, where that amount or value depends upon the counter-claim of the defendant.    *Dixon* v *Caruthers*, 9 Yerg. 30; *Gray* v. *Jones*, 1 Head, 542; *Crow* v. *Cunningham*, 5 Cold. 255; *White* v. *Buchanan*, 6 Cold. 32; *Houser* v. *McKennon*, 1 Baxt. 287; *Patterson* v. *Sheffield*, 7 Heisk. 373; *Harris* v. *Hadden*, 7 Lea, 214.

Now, it cannot alter the inexorable result of this restriction of the rule of our state law in relation to the jurisdiction of the state circuit court over suits pending there by appeal from a justice, that the matter in controversy between the plaintiff and the defendant as individuals is the claim of the plaintiff for its work on the one hand, plus a claim by the defendant on the other hand for $3,000 damages for doing that work in such a manner that the contract to do it was broken, to the injury of the defendant.    The constitution, it is true, gives us jurisdiction of controversies between citizens of different states, and in that sense the federal jurisdiction attaches to all such controversies.    But congress, in the exercise of its power to regulate the jurisdiction, has not seen fit to give us cognizance over the controversy at large between the persons, but restricts us to that controversy in the "suit" between parties litigant wherein "the matter in dispute" is over $500.    It is not sufficient that the parties have a larger dispute concerning the matter of which we might acquire jurisdiction, if embodied in some other suit, by original process or by removal, but it is to the very value or sum of the "matter in dispute" involved in that particular suit sought to be removed, which is the jurisdictional fact that concerns us on a motion to remand.    And it is evident that it cannot exceed the amount for which the court in which it is pending when the removal is asked may give judgment.    Anything beyond that is not in dispute in that suit, evidently.    In some other suit brought elsewhere or in the same court, or in the same character of suit brought under differing circumstances, the amount might be enlarged to come within our jurisdiction; but in that particular suit, brought under the peculiar circumstances belonging to it, if the amount for which the court may render judgment be $500 exactly, or less, that is the " matter in dispute," and only that.

But there is a consideration presented by the argument that should not be overlooked here lest there be some misapplication of this ruling. It is strenuously insisted that the jurisdiction of the federal courts can-

not be limited by state statutes, and that state statutes imposing a limitation upon the circuit court of the state cannot operate to impose those limitations upon the circuit court of the United States. This is undoubtedly true, in a general sense, and the conclusive answer to it is that it is not the state statutes referred to which impose the limitation on our jurisdiction, but the act of congress itself. We only use the state statute evidentially in interpreting the act of congress, and in determining what is meant by the phraseology, "the sum or value of the matter in dispute," to change the order of the words somewhat. But we must be careful to confine the state statutes to that precise function, and not to enlarge it in their application to these removal acts of congress. In removed causes we proceed in our own way, and according to our own methods, sometimes differing from the methods of the state court,—particularly in equity cases,—but when identical none the less our own by adoption, and by adoption only, to administer our own jurisdiction (sometimes also differing from that of the state court) over "the matter in dispute." And we do not administer the jurisdiction of the state court, nor are we bound by any restrictions upon it, in administering the relief we afford the parties. This case seems to me to afford an illustration of this distinction. If the sum or value of the matter in dispute were over $500, instead of being precisely that sum, as it is, because of the compression effected by state statutes regulating set-off for cases appealed to the state circuit court from which the case comes, so that we acquired jurisdiction under the removal acts, we would not proceed here as the state circuit court must have done as a court exercising the appellate jurisdiction provided for it over cases coming from a justice of the peace, but as a court of original jurisdiction over the suit, wholly freed of all restrictions on the state court growing out of its appellate relations to the suit; and this, by the very words of the removal act, which requires that we shall proceed in the same manner as if it had been *originally* commenced here. Act 1875, c. 137, §§ 3, 6, (18 St. 471, 472.)

This is a very important distinction, and in its application may have varied results, according to the nature of the statutes and the restrictions imposed by them upon the state courts; but the mistake of the argument for defendant is in applying the obvious principle to a denial of the right or duty we are under to observe the state statutes involved in this case, so far as they measure "the sum or value of the amount in dispute." For that purpose we must look to them, and we do not violate the principle urged upon us so earnestly in doing so. In this view of the subject it is not necessary to cite or comment upon the cases like *Hyde* v. *Stone*, 20 How. 170; *Suydam* v. *Broadnax*, 14 Pet. 67; *Kelly* v. *Insurance Co.*, 3 Hughes, 449; *U. S.* v. *Ottman*, 1 Hughes, 313,—and many others like those, cited by counsel. Using the state statutes, as is done here, and only for the purpose indicated, those cases do not concern the ruling that must govern this case. The case of *Hummel* v. *Moore*, 25 Fed. Rep. 380, seems to me to overlook the distinction we here suggest, and to permit the state statutes to restrict the jurisdiction of the federal court in a larger sense, perhaps, than the cases last referred to would authorize in the principle they estab-

lish; and therefore I do not base this judgment on that case, as counsel for the plaintiff in citing it seems to think may be done. The difference between that case and this is marked enough, perhaps, but in deciding this I do not care to go as far as that case might imply that we have gone. As before remarked, the right of set-off is of itself statutory, and the privileges of the parties in any jurisdiction may be affected by limitations concerning it that are quite beside any question of *jurisdiction* in its enlarged application to courts of judicature, but still potential as elements entering into the right or privilege of setting off one claim against another in any suit brought upon either of them. For this reason we are liable to be misled by cases concerning it, as this does, and to fall into confusion that I seek to avoid by strictly holding to the ruling that we look to state statutes only for the purpose of determining by their admeasurement the *fact*,—what is the sum or value of the matter in dispute in this case?—and not as a statutory regulation to admeasure our *jurisdiction*, as to which we look alone to the acts of congress. Nor is this any strained doctrine, and it is made plain if we take as an example other statutes which operate precisely in the same way, but are wholly outside of the somewhat confusing subject of jurisdiction, unlike the statutes concerning set-off. Take statutory rights created by state legislation, which the federal courts enforce, for illustration. We are bound by the limitations of the amount allowed to be recovered, as if a statute gave a right of recovery for one's death by the negligence of another, and limited the recovery to $500. Surely we could have no jurisdiction by removal or by original process. The statute of set-off operates in exactly that way in this case. *Railroad Co.* v. *Telegraph Co.*, 112 U. S. 306, 5 Sup. Ct. Rep. 168. The statutes of this state above mentioned, which are construed in the Tennessee cases already cited, are grouped here for convenience of reference. Mill. & V. Code Tenn. §§ 3628–3635, 3678, 3688, 4898, 4936–4938; Thomp. & S. Code, §§ 2918–2925, and notes; §§ 4160–4162, and notes. Remanded to state court.