## CAPPETTA v. ATLANTIC REFINING CO.
### No. 3742.

District Court, D. Connecticut.

Sept. 17, 1935.

Edward L. Reynolds and George J. Grady, both of New Haven, Conn., for plaintiff.

Beers & Beers, of New Haven, Conn., for defendant.

HINCKS, District Judge.

Plaintiff duly instituted an action of summary process to recover possession of real estate located at the corner of Olive and Wooster streets in the city of New Haven against her lessee, Atlantic Refining Company; said action being instituted before a justice of the peace of the town of New Haven. The defendant effected a timely removal of the case to this court on the grounds of diversity of citizenship. The matter now comes before the court upon the plaintiff's motion to remand upon the grounds: (1) That, although the diversity of citizenship is present, the amount in controversy is less than the jurisdictional requirement; and (2) that the justice of the peace before whom the action was originally brought was not a "court" within the meaning of the removal statute (Jud. Code § 28, 28 USCA § 71).

At the hearing it appeared that the defendant claims to have a lease from the plaintiff of the premises in question having yet three years to run. The execution of said lease and the defendant's occupation of the premises thereunder was not disputed by the plaintiff, whose contention

rather is to the effect that the lease was terminated by the defendant's breach thereof. The defendant put in evidence testimony of a real estate expert to the effect that the real estate in question—a gas station with a frontage of 60 feet on Olive street, and 76 feet on Wooster street, improved by driveways and curbs—was fairly worth, free and clear of encumbrance, the sum of $12,000; but that the premises if subject to a three years' lease had a present worth of only $7,000. The plaintiff called no witnesses. But the lease shows that the agreed rental was at the rate of one cent per gallon for each gallon of gasoline sold upon the premises during the lease. One of the defendant's executives testified that, in his opinion, under normal conditions of operation, 100,000 gallons of gasoline annually would be sold upon the premises after the first year. It was shown, however, that the defendant had been in occupation of the premises for some two years prior to the institution of this action, and that during the first eight months or so of its occupation the average monthly sales had been somewhat less than 7,000 gallons, and that thereafter factors had entered into the situation as a result of which the actual sales did not fairly reflect the sales reasonably to be expected under normal conditions of distribution.

 It appears to me that the measure of the amount in controversy within the meaning of the jurisdictional statute is not at all the gross rentals reasonably to be expected by the plaintiff under the lease, for the plaintiff by her action of summary process seeks to destroy rather than to preserve the lease. Instead, I hold that the amount in controversy in the action of summary process must be measured by the difference between the value to the plaintiff of her property unencumbered, and its value if subjected to the encumbrance of the lease. Thus measured, I find as a fact that the amount in controversy exceeds $3,000.

As to the plaintiff's claim that a New Haven justice of the peace is not a court within the meaning of the removal statute, I take judicial notice of the jurisdiction of justices generally under the General Statutes of the State, and in New Haven under special legislation relating to the jurisdiction of the city court of New Haven, to which most of the general jurisdiction of the local justices of the peace (except-

ing jurisdiction over summary process actions) has been transferred. As the plaintiff contends, a justice of the peace is not a court within the special meaning of chapter 175, Pub. Acts 1921 (Gen. St. Conn. 1930, § 6518), and chapter 62 of the Public Acts of 1923 (Gen. St. Conn. 1930, § 6487). Alcorn v. Fellows, 102 Conn. 22, 127 A. 911, 914. Nevertheless, in the same case the doctrine was reiterated that a justice court is a court of record. And the same case shows clearly that although a justice court has no "legal entity, distinct from that of the judges for the time being," and although its judicial powers "are conferred, not on any court, but upon the persons holding that office for the time being," nevertheless, when a justice performs his judicial function, he acts as a court. See, also, Wooley v. Williams, 105 Conn. 671, 136 A. 583.

Such being the nature of a justice court under the state law, it follows that it must be classified as a "court" within the meaning of the removal statute. Katz v. Herschel Mfg. Co. (C. C.) 150 F. 684. See, also, Wood v. Matthews, 30 Fed. Cas. No. 17,955, and other cases cited in the Katz opinion, supra. The case of New York I. & P. Co. v. Milburn Gin & Machine Co. (C. C.) 35 F. 225, is clearly distinguishable. There the case was remanded to the state court because the jurisdictional amount in controversy was not present.

It is accordingly ordered that the motion to remand be denied.