**STERL et al. v. SEARS.**

**Civ. A. No. 1145.**

United States District Court
N. D. Texas, Amarillo Division.

Feb. 9, 1950.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., Hugh T. Lyle, Dumas, Tex., for plaintiffs.

Hazelwood & Richards, Amarillo, Tex., E. E. Coons, Stratford, Tex., for defendant.

DOOLEY, District Judge.

The plaintiffs own and sue defendant for possession of a section of land alleged to be worth $40,000. Diversity of citizenship is alleged. The defendant has filed a motion to dismiss saying that the amount actually in controversy is less than $3,000, exclusive of interest and costs.

The parties, when said motion was heard, stipulated that the plaintiffs own the fee title to said land and that said title is not an issue herein, but that the defendant only claims a tenancy, so that the controversy is confined to the right of possession. The defendant had the land leased for farm purposes on a share rental during the 1948–49 crop year, and contends that he still has it leased for the 1949–50 crop year, while the plaintiffs contend that the defendant is holding over wrongfully and without any valid lease for said last named crop year.

■ The mere rental value of the land is not at stake in this suit. In other words, the plaintiffs could lose the suit and still be entitled to demand and collect the rental consideration payable under the lease then and in that event held by the defendant. The value of the right of exclusive possession of the land for the year period in question measures the amount in controversy for the purposes of Federal jurisdiction. Marcus Brown Holding Co. v. Pollak, D. C. 272 F. 137; Battle v. Atkinson, C. C., 115 F. 384; Cappetta v. Atlantic Refining Co., D. C., 12 F.Supp. 89.

■ The evidence shows that the use and possession of the land for the year period in question under the lease rights claimed by defendant would reasonably be of a value well over $3,000 to him, although the rental yield to the plaintiffs for said year under said alleged lease would doubtless be materially less than $3,000. No good reason is seen, however, to presume affirmatively that said rental proceeds would also equal the use and possession value of the land from the standpoint of plaintiffs. In fact, theoretically, the use and possession value thereof should be worth as much or more to the plaintiffs as to the defendant. Yet that question is in some quandary since the defendant, as shown by his past practice, would have personal charge in the use and possession of the land, but the plaintiffs live in a distant state and evidently would needs make use of the land through hired workers or by leasing to another tenant. In other words, the inquiry is not so clearly defined as to the plaintiffs, but the rule is that the jurisdictional test of the amount in controversy takes in view the pecuniary result to either party in the suit. It is clear that what the defendant has at stake and stands to lose in this suit is to him of a value and worth sufficient to sustain the jurisdiction of the court. Ronzio v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604.

The defendant's motion to dismiss accordingly will be overruled.