Joel EZON, Plaintiff,

v.

**CORNWALL EQUITIES LIMITED and Cornwall Kings Equities Limited, Defendants.**

Civ. A. No. H–81–1358.

United States District Court, S. D. Texas, Houston Division.

March 30, 1982.

Bernard L. Chanon, Ducoff & Chanon, Houston, Tex., for plaintiff.

Kelly J. Coghlan, Vinson & Elkins, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

McDONALD, District Judge.

Plaintiff has moved to remand. Plaintiff filed a forcible detainer action against defendants in the Justice Court of Harris County, Texas on March 24, 1981. That court tried the case and rendered a judgment for defendants on April 8, 1981. On April 13, 1981 plaintiff appealed the case pursuant to Rule 749, Texas Rules of Civil Procedure,[1] to the County Court at Law No.

---

1. Rule 749 provides:

No motion for a new trial shall be necessary to authorize an appeal.

Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

1, Harris County, Texas for a trial *de novo.*[2] On May 27, 1981 defendants removed the latter action to federal court. Plaintiff filed his Motion to Remand on July 24, 1981. For the reasons stated below plaintiff's Motion is DENIED.

## I.

Plaintiff argues that the action was improperly removed under 28 U.S.C. § 1441(a) because it is not a "civil action of which the [federal] district courts have original jurisdiction." Plaintiff originally sued defendants in justice court for forcible entry and detainer under Tex.Civ.Stat.Ann., art. 3973 (Vernon 1966) which provides a summary method of determining the right to possession.[3] There is no question but that the Texas Legislature has given the justice court "exclusive jurisdiction over these suits except in cases of trial *de novo* by the county courts." *Home Savings Association v. Ramirez,* 600 S.W.2d 911, 913 (Tex.Civ. App.1980). The justice court's jurisdiction, however, has never been held to be exclusive of the jurisdiction of federal courts. The United States Court of Appeals for the Fifth Circuit has stated, in upholding the jurisdiction of the federal courts over an action for declaratory judgment with regard to the rights of parties to probate proceedings, that "[f]ederal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be brought." *Akin v. Louisiana National Bank of Baton Rouge,* 322 F.2d 749, 754 (5th Cir. 1963).

As Moore notes in 1A *Federal Practice* ¶ 157[4.–11], at 86–88, (2d ed. 1948) "to warrant removal the 'civil action' must be an independent suit, and not a proceeding supplementary or incidental to another ac-

tion.... [T]he controversy is removable when it is essentially a separate suit; but not if it is substantially a part of, an incident to, or continuation of the prior action." The Supreme Court in *Barrow v. Hunton,* 99 U.S. 80, 82–83, 25 L.Ed. 407 (1879) contrasted a "proceeding [which] is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or an appeal," which is not removable, since "[o]therwise [the federal courts] would become invested with power to control the proceedings in the state courts or would have appellate jurisdiction over them in all cases where the parties are citizens of different states" to a proceeding "tantamount to a bill in equity to set aside a decree for fraud in obtaining thereof" which is an original independent proceeding because it is "the investigation of a new case arising upon new facts."

In Mr. Ezon's case, the Harris County trial *de novo* did not, like a bill in equity, arise on new facts. The county court trial is effectively a final appeal of the justice court action since "[n]o further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars." Tex.Civ.Stat.Ann., art. 3992 (Vernon 1966); *Family Investment Co. of Houston, Inc. v. J. A. Paley,* 356 S.W.2d 353, 355 (Tex.Civ. App.1962). Nevertheless, the county court's consideration is not restricted to questions of law as is an appellate court on writ of error, under Rule 476, Texas Rules Civil Procedure. The county court finds facts by conducting a trial *de novo.* Thus, like the appeal of an administrative decision for a trial *de novo* by a judicial body, "having

2. Whereas the first action in justice court was docketed as Cause No. 226,405, the second action in county court was docketed as Cause No. 288,255.

3. That article provides:
   If any person (1) shall make an entry into any lands, tenements or other real property, except in cases where entry is given by law, or (2) shall make any such entry by force or (3) shall wilfully and without force hold over any lands, tenements or other real property

after the termination of the time for which such lands, tenements or other real property were let to him, or to the person under whom he claims, after demand made in writing for the possession thereof by the person or persons entitled to such possession, such person shall be adjudged guilty of forcible entry and detainer, or of forcible detainer, as the case may be. Any justice of the peace of the precinct where the property is situated shall have jurisdiction of any case arising under this title.

power to determine questions of law and fact, [where] there are parties to litigate the case on one side and the other," *Upshur County v. Rich*, 135 U.S. 467, 477, 10 S.Ct. 651, 654, 34 L.Ed. 196 (1890), it cannot be characterized as either supplemental or incidental to the first action, but is a separate and independent action.

■ This Court is persuaded by the reasoning of the court in *Famous Realty, Inc. v. Flota Mercante Grancolombiana, S.A.*, 81 F.Supp. 553 (E.D.N.Y.1948) in declining to remand a landlord's summary action to recover possession of property. It held, citing *Commissioners of Road Imp. District No. 2 v. St. Louis Southwestern Ry.*, 257 U.S. 547, 561, 42 S.Ct. 250, 255, 66 L.Ed. 364 (1921), that the summary nature of relief did not exclude defendants from the right of removal, despite the fact that "'because of their peculiar form [in state court, they] would be awkward as an original suit in a federal court,'" because Rule 2 of the Federal Rules of Civil Procedure prescribes only "one form of action" in federal court. Similarly, in the instant case, trial of the forcible entry and detainer action by a Harris County court is part of a summary proceeding for recovery of possession of property and, although nominally an appeal, which would be awkward as an original suit in a federal court, it would be a "civil action" under Rule 2, Federal Rules of Civil Procedure. The Court concludes that the county court suit is a "civil action" within the meaning of 28 U.S.C. § 1441(a), and therefore that removal was proper.

## II.

■ Plaintiff's second objection, that the action was not timely removed, and therefore should be remanded, pursuant to 28 U.S.C. § 1447(c), is also without merit. The second paragraph of 28 U.S.C. § 1446(b) provides,

[i]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertainable that the case is or has become removable.

Defendants Cornwall Equities Limited and Cornwall Kings Equities Limited are Delaware corporations with their principal places of business in New York and Maine respectively. They claim that they could not intelligently ascertain that there was the requisite complete diversity of citizenship for federal jurisdiction until plaintiff's deposition.

Plaintiff's Complaint did not indicate plaintiff's citizenship. Jurisdiction and venue were pursuant to Rule 749, Texas Rules of Civil Procedure, in the county in which the justice court trial was held and the justice court's jurisdiction depends on article 3973, Tex.Civ.Stat.Ann. (Vernon 1966) which provides that the action must be tried by "any justice of the peace of the precinct where the property is situated." It is undisputed that plaintiff's counsel made statements in a telephone conversation shortly after filing the complaint, from which defendants could infer that plaintiff was a citizen of New York and that plaintiff stated, in his deposition on April 28, 1981, that he resided in New Jersey. "It is well settled that discovery documents may be 'other papers' within the meaning of 28 U.S.C. § 1446(b) (1976)." *Lee v. Altamil Corp.*, 457 F.Supp. 979, 981 (M.D.Fla.1978), see also *First National Bank in Little Rock v. Johnson & Johnson*, 455 F.Supp. 361, 362 (E.D.Ark.1978), *Gilandi v. Atchison, Topeka and Santa Fe Railway Company*, 189 F.Supp. 82, 84 (N.D.Ill.1960). Because defendants removed the case within 30 days of the deposition, the Court concludes that the removal was timely.[4]

## III.

Plaintiff's third argument, that defendants have not met their burden of showing

---

4. Although plaintiff argues that defendant did not, by evidence of a New Jersey residence, prove plaintiff's domicile and therefore his citizenship

under federal standards, plaintiff's own testimony at the oral hearing on his motion, established conclusively that his domicile is Texas. Therefore, there is complete diversity between plaintiff and defendants.

that the amount in controversy exceeds $10,000 exclusive of interest and costs, also fails.

■■■ Defendants have the burden of proving the jurisdictional amount on plaintiff's motion to remand. *Moore's Federal Practice* ¶ 92[3.2], at p. 872 (2d ed. 1978). However, in order to remand it must appear to the court to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Opelika Nursing Home Inc., v. Richardson*, 448 F.2d 658, 663 (5th Cir. 1971); *A. C. McKoy v. Schonwald*, 341 F.2d 737, 738 (10th Cir. 1965). In establishing the jurisdictional amount, "[a]bsolute certainty in valuation of the right involved is not required, and a reasonable probability of an amount in controversy exceeding the jurisdictional amount suffices if the amount can be ascertained pursuant to some realistic formula." *Dreyer v. Jalet*, 349 F.Supp. 452, 465 (S.D.Tex.1972).

■ The parties agree that the amount in controversy in a forcible detainer action is the value of the right of possession of the leasehold. *Pioneer Coal Co. v. Bush*, 16 F.Supp. 117, 119 (E.D.Ky.1936), *Battle v. Atkinson*, 115 F. 384, 389 (W.D.Ark.1902), aff'd 191 U.S. 559, 24 S.Ct. 845, 48 L.Ed. 302 (1903). Plaintiff, however, argues that because the lease terminated upon its transfer to defendants, the value of possession is only the three months' back rent which he seeks in addition to possession. Defendants, on the other hand, argue that the value of possession is at least the annual rental of $15,000 and more probably the $120,000 rental for the period of the lease through April 30, 1989.[5]

In *Sterl v. Sears*, 88 F.Supp. 431, 432 (N.D.Tex.1950) the district court, relying on *Battle v. Atkinson*, held that the measure of the amount in controversy was not merely the rental value of the land, because even if

he did not prevail, in the suit for possession plaintiff could collect rent, but rather, the value of the right of exclusive possession of the land for the term of the lease. The court cited *Ronzio v. Denver R. G. W. R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940) for the proposition that in actions for recovery of possession of property, "the rule is that the jurisdictional test of the amount in controversy takes in view the pecuniary result to either party in the suit."

■ Without determining how the amount in controversy should be measured in the instant case, the court concludes that the value of the leasehold is not restricted to the three months back rent which plaintiff seeks as actual damages in addition to possession but is the value of possession of the property for at least a year as measured by the annual rental. Therefore, the amount in controversy exceeds $10,000 exclusive of interest and costs.

For these reasons plaintiff's Motion to Remand is DENIED.

---

**5.** In the alternative defendants argue that the "potential pecuniary result" to defendants is at least $80,000 a year in lost profits if they are denied possession, or the $100,000 one of the defendants' parent corporation is under contractual obligation to pay a third party if the defendant loses possession. They also point to plaintiff's claim in a United States District Court action on the same lease that the lease is worth $85,000 a year or $680,000 for the term to plaintiff.