WOODMEN OF the WORLD LIFE INSURANCE SOCIETY, Plaintiff,

v.

The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Defendant.

No. 82 C 1673.

United States District Court,
N.D. Illinois, E.D.

Sept. 17, 1982.

Stone, Pogrund & Korey, Chicago, Ill., for plaintiff.

Kenneth R. Gaines, Lionel G. Gross, Rex A. Logemann, Altheimer & Gray, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This is an action originally brought in the Circuit Court of Cook County under the Illinois Forcible Entry and Detainer Act, Ill.Rev.Stat. ch. 57 ¶ 1 et seq. Plaintiff Woodmen of the World Life Insurance Society, Inc. seeks to recover rent and possession of the premises at 419 North LaGrange Road, LaGrange Park, Illinois, from its tenant, defendant The Great Atlantic & Pacific Tea Company ("A & P"). Plaintiff seeks to terminate the lease because A & P allegedly failed to pay plaintiff for a sign erected on the premises and failed to cure this default in the requisite time. A & P removed the case to this court on March 17, 1982. Now plaintiff asks that the case be remanded to the Circuit Court because the amount in controversy is less than $10,000.00.

Plaintiff claims that an action under the Illinois Forcible Entry and Detainer Act is limited to the right to possession and the amount of rent owed—$5,334.40 in this case. A & P contends that the jurisdictional amount requirement is satisfied because the value of the lease or the right to possess and utilize the premises over the term of the original lease, including options to renew, exceeds $10,000.00. In addition, A & P contends that the cost of renting like premises exceeds $10,000.00; that if the lease were terminated, it would lose the right to assign or sublet (by which A & P could recoup more than $10,000.00); and that the value of its fixtures and equipment would be reduced by more than $10,000.00.

Section 5 of the Forcible Entry and Detainer Act, Ill.Rev.Stat. ch. 57, § 5, provides, in part, that "[n]o matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim, or otherwise . . . ." The general purpose of a forcible entry and detainer action is to adjudicate the parties' right to possession of the premises, and therefore such proceedings should not be burdened with matters not directly related to the issue of possession. *General Parking Corp. v. Kimmel,* 79 Ill.App.3d 883, 35 Ill.Dec. 154, 398 N.E.2d 1104 (1st Dist.1979). Plaintiff's citations clearly support the proposition that forcible entry and detainer actions are limited in scope. *Id.; Clark Oil & Refining Corp. v. Banks,* 34 Ill.App.3d 67, 339 N.E.2d 283 (1st Dist.1975).

Federal courts must look to state law to determine the nature and extent of the right to be enforced, although determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards. *Horton v. Liberty Mutual Life Insurance Company,* 367 U.S. 348, 352–53, 81 S.Ct. 1570, 1572–73, 6 L.Ed.2d 890 (1961). Where, as here, an action turns on state law, the federal court looks to state law to determine the nature and extent of

the right to be enforced. *Roberson v. Dale*, 464 F.Supp. 680 (M.D.N.C.1979). However, the amount in controversy for diversity purposes is not necessarily identical to the amount plaintiff stands to gain if successful in the suit. In *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389 (7th Cir.1979), the plaintiffs asked the Indiana state court to enjoin defendant oil company from using plaintiffs' land for its pipeline and to order defendant to remove the pipeline. The plaintiffs' land had originally been condemned for the benefit of the defendant. Its appraised value was less than $2,000.00—the amount that plaintiffs claimed was at stake. Defendant, however, claimed that the cost of removal of the pipeline would be in excess of $10,000.00. The defendant removed the case to the federal district court for the Southern District of Indiana, which held in favor of defendant. On appeal, the Seventh Circuit examined in great detail the case law and legal commentaries regarding the amount in controversy question. The court employed the "either party" rule and held that, because defendant's stake in the case exceeded the jurisdictional amount, the court had jurisdiction. The court stated,

> Since the jurisdictional amount prerequisite was enacted primarily to measure substantiality of the suit, the question of whether the controversy is substantial should not be answered unqualifiedly by looking only to the value of that which the plaintiff stands to gain or lose.

*Id.* at 394 (quoting 1 Moore's Federal Practice ¶ 0.9[1], at 846 (1978)).[1]

We turn now to a consideration of *McCarty*'s applicability to the facts of this case. Although plaintiff contends that the amount in controversy here is less than $10,000.00, the value to plaintiff of having the property free to lease to tenants other than A & P is probably significant. Under the present lease, A & P has the option to continue its tenancy until February 1998. The annual rental is $35,000.00, and plaintiff is entitled to "additional rent of a sum equal to one percent of gross sales of food stuffs and merchandise over and in excess of $3,500,000 per year." Lease at 14, Exhibit A to A & P's Answer. In its brief, A & P contends that an unfavorable decision in this case would cause it to lose an amount in excess of $200,000.00.

This case is unlike *McCarty* in the sense that it does not involve injunctive relief. However, although the character of relief sought is different, the desired result is similar. In *McCarty*, the plaintiffs asked the court to order the defendant to remove its pipeline; here, plaintiff asks that the court interpret the lease between the parties so as to require A & P to remove itself. More importantly, we do not read *McCarty* as being confined only to cases involving injunctive relief.[2]

The facts of this case indicate that the substantiality of the controversy is without question. As in *McCarty*, "[t]he interests of equity and fairness, as well as the purposes behind the removal statute" support holding the jurisdictional amount requirement satisfied. *Id.* at 395. Therefore, we deny plaintiff's motion to remand.

---

1. Professor Wright favors the either party rule "since the purpose of a jurisdictional amount requirement—to keep trivial cases away from the court—is satisfied when the case is worth a large sum to either party." Wright, Miller & Cooper, 15 Federal Practice & Procedure § 3703, at 409 (1976) (footnote omitted).

2. Nor are we concerned that by holding the jurisdictional amount present in this case we are opening the doors of federal court to all. "In the majority of cases, the particular relief sought by the plaintiff—typically damages— will be exactly the same as the liability imposed on the defendant if the action is successful." Wright, Miller & Cooper, 15 Fed.Prac. & Proc. 3703, at 402 (1976).