**MUTUAL FIRST, INC., as successor in interest to Mobile Festival Associates, an Alabama General Partnership, Plaintiff,**

v.

**O'CHARLEYS OF GULFPORT, INC., and David A. Wachtel, Defendants.**

Civ. A. No. 89–0575–BH–M.

United States District Court, S.D. Alabama, S.D.

Sept. 12, 1989.

Robert E. Clute, Jr., Mobile, Ala., for plaintiff.

I. David Cherniak, Celia J. Collins, Mobile, Ala., for defendants.

## MEMORANDUM OPINION AND ORDER

HAND, Senior District Judge.

This cause comes before the Court on plaintiff's motion to remand, filed August 7, 1989, and defendants' motion to consolidate, filed August 3, 1989. Plaintiff originally filed suit against defendants in Alabama District Court of Mobile County, Alabama, on July 24, 1989, and also, filed suit against the defendants in Alabama Circuit Court for Mobile County, Alabama, on or about June 27, 1989, alleging a breach of a commercial lease agreement. Defendants removed the alleged breach of a commercial lease agreement to this Court on July

31, 1989, to which there has been no opposition.

The parties, or their predecessors in interest, entered into a lease agreement dated August 18, 1986; terms of which provided, that the defendants (tenants) were to pay to the plaintiff (landlord) equal monthly installments of $10,426.67 to satisfy the minimum annual rent of $125,000.00 for a balance of twenty years. Plaintiff alleges that defendants are in arrearage in rent payments in the amount of $88,006.53. Because of that arrearage plaintiff elected to accelerate the rent owed under the lease agreement, the remaining balance of which totals $2,261,111.18. On July 31, 1989, defendants removed the action to federal court.

Plaintiff argues that the action was improperly removed under 28 U.S.C. § 1441(a),[1] because the "amount in controversy", a prerequisite to original federal diversity jurisdiction under 28 U.S.C. § 1332,[2] was not satisfied. Plaintiff brought suit against defendants, under *Alabama Code* § 35–9–80, which is in the nature of an action for unlawful detainer. *Alabama Code* §§ 35–9–80 through 35–9–88 provide a summary method of determining the right to possession of property in a dispute between landlord and tenant. *See Hicks v. Longfellow Dev. Co.*, 362 So.2d 219, 221 (Ala.1978). Unlawful detainer actions are for the express purpose of determining who is entitled to possession of property. *Hyde v. Isbell*, 254 Ala. 373, 48 So.2d 465, 467 (1950).

■ Plaintiff argues that the procedural requirements set forth by §§ 35–9–80 through 35–9–88 require that this Court remand the action to the state court. However, "the rule has been firmly established that when the jurisdictional prerequisites provided by the Constitution and laws of the United States are present a state statute cannot place a limitation upon this jurisdiction." *Rubel–Jones Agency, Inc. v. Jones*, 165 F.Supp. 652, 654 (1958), *citing Kern v. Huidekoper*, 103 U.S. 485, 26 L.Ed. 354 (1880); *Home Ins. Co. of New York v. Morse*, 20 Wall. 445, 87 U.S. 445, 22 L.Ed. 365 (1874); *Chicago & N.W. R. Co. v. Whitton*, 13 Wall. 270, 80 U.S. 270, 20 L.Ed. 571 (1871); *Katz v. Herschel Mfg. Co.*, 150 F. 684 (1906). The fact that *Alabama Code* §§ 35–9–80 through 35–9–88 provide specific procedural rules for the handling of cases brought pursuant to it in state court, does not limit a federal court's jurisdiction if the requisite elements of jurisdiction are met. *See Jones*, 165 F.Supp. at 652. A state court's jurisdiction to hear an unlawful detainer action has never been held to be exclusive. *Ezon v. Cornwall Equities Ltd.*, 540 F.Supp. 885, 887 (1982). Therefore, this Court is not required to remand this action, because of specific state procedural rules nor because of alleged exclusive state court jurisdiction.

■ Turning to plaintiff's final argument in support of the motion to remand, that defendants have not met their burden of showing that the "amount in controversy" exceeds $50,000.00 exclusive of interest and costs, the Court finds it must also fail.

The removing defendant or defendants bear the burden of establishing by a preponderance of the evidence the right to invoke federal jurisdiction. *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D.Ala. 1986). In order for this Court to remand, defendants must fail to show by a preponderance of the evidence, that it does not appear to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Opelika*

---

**1.** That statute provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter [28 U.S.C. §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded.

**2.** § 1332(a) provides in pertinent part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000.00, exclusive of interest and costs,....

*Nursing Home Inc. v. Richardson,* 448 F.2d 658, 663 (5th Cir.1971); *A.C. Mckoy v. Schonwald,* 341 F.2d 737, 738 (10th Cir. 1965); *Ezon,* 540 F.Supp. at 889. Restated, if by a reasonable probability it appears that there is an amount in controversy exceeding the jurisdictional amount, calculated pursuant to some realistic formula, the defendants have met their burden.

There have been several different methods used to calculate the amount in controversy. In *Ezon v. Cornwall Equities Ltd.,* the court found that the value of the right of possession of the leasehold was the correct measure. *Ezon,* 540 F.Supp. at 889. In applying this measure, however, the *Ezon* Court could not settle on an actual formula to establish the value of the leasehold, but found that it was at least the amount of rent for one year. *Id.* In *Ezon* it was also argued, that the value of possession was the amount of back rent due. *Id.* In *Sterl v. Sears,* 88 F.Supp. 431, 432 (N.D.Tex.1950), the correct measure of the amount in controversy was held to be the value of exclusive possession of the land for the term of the lease. *Id.* In *Woodmen of World Life v. Great Atl. & Pac. Tea Co.,* 561 F.Supp. 640 (N.D.Ill.1982), the Court recognized that the value to the plaintiff of having the property free to lease to tenants other than the defendant was of significant value. *Id.* at 642. Some courts have examined the value that either party to the lawsuit stands to lose or gain as the correct measure. *See McCarty v. Amoco Pipeline Co.,* 595 F.2d 389 (7th Cir.1979); *Woodmen of World Life,* 561 F.Supp. at 642; *Ronzio v. Denver R. G. W. R. Co.,* 116 F.2d 604, 606 (10th Cir.1940).[3] Still other courts have looked to the value of the object to be gained if the suit is successful. *Fletcher v. Gerlach,* 7 F.R.D. 616 (S.D.N.Y.1947).

Without determining the correct formula or method for measuring the amount in controversy, this Court notes that under any of the methods listed above, the present case satisfies the jurisdictional amount. The alleged arrearage in rent totals $88,006.53, clearly exceeding the jurisdictional amount. The value of one years rent is at a minimum set at $125,000.00, and the value for the rent due under the remainder of the lease totals $2,261,111.18.[4] Clearly, the amount in controversy in the present case is substantial, and the interests of equity and fairness, and the purposes supporting the removal statute require the holding, that the jurisdictional amount requirement is satisfied. Therefore, plaintiff's motion to remand is due to be and is hereby, DENIED.

▮▮▮ The Court must now address defendants' motion to consolidate. *Federal Rule of Civil Procedure* (FRCP) 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Therefore, if there are two actions correctly pending before the court, both involving common questions of law and fact, and consolidation will prevent needless repetition, delay, or unnecessary costs, and there are no mitigating circumstances against consolidation, the motion should be granted.

---

3. Both Moore's Federal Practice and Wright, Miller & Cooper, Federal Practice & Procedure, favor the either party rule. Professor Wright states his reasoning for favoring the rule as follows: "since the purpose of a jurisdictional amount requirement—to keep trivial case away from the court—is satisfied when the case is worth a large sum to either party." Wright, Miller & Cooper, 15 *Federal Practice & Procedure* § 3703, at 409 (1976). 1 Moore's *Federal Practice* § 0.9[1], at 846 (1978), states the reasoning in this way: "[s]ince the jurisdictional amount prerequisite was enacted primarily to measure substantiality of the suit, the question of whether the controversy is substantial should not be answered unqualifiedly by looking only to the value of that which the plaintiff stands to gain or lose."

4. This Court notes that the present case satisfies the amount in controversy requirement of 28 U.S.C. § 1332 without resorting to the either party rule. By so noting this Court does not pass judgment on the propriety of that rule.

The present case falls into the above described classification. There are two actions presently pending before this Court, CV–89–0574 and CV–89–0575, both of which arise out of the same alleged breach of a commercial lease agreement. Both actions involve common questions of law and fact, and it would promote judicial economy to deal with them as one case. For these reasons defendants' motion to consolidate is due to be and is hereby, GRANTED, and this case will be consolidated with and carried under CV–89–0574.

It is so ORDERED.